IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 MAR 10 A 10: 16

Tony C. Broach )
Full name and prison number )
of plaintiff(s) )
 )
 ) CIVIL ACTION NO. 2:06CV228-A
v. ) (To be supplied by Clerk of
Bob Riley, et. al., ) U.S. District Court)
_____ )
_____ )
_____ )
_____ )
_____ )
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES ( ) NO (✓)

    B.  Have you begun other lawsuits in state or federal court relating to your imprisonment? YES (✓) NO ( )

    C.  If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s) Tony C. Broach

            Defendant(s) See Attachment

        2.  Court (if federal court, name the district; if state court, name the county) Southern District of Alabama



SCANNED
'96 031306

3. Docket number _O4-0017-CG-B_

4. Name of judge to whom case was assigned
   _MAGISTRATE JUDGE SONJA BIVINS_

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
   _STILL PENDING_

6. Approximate date of filing lawsuit _1-09-04_

7. Approximate date of disposition _N/A_

II. PLACE OF PRESENT CONFINEMENT _FOUNTAIN CORR. FAC. 3800 ATMORE, ALABAMA 36503_

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED
_FOUNTAIN CORR. FAC. 3800, ATMORE AL. 36503_

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| NAME | ADDRESS |
|---|---|
| 1. | |
| 2. | |
| 3. _ATTACHMENT_ | |
| 4. | |
| 5. _SHEET_ | |
| 6. | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED
_AUGUST 2005_

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: _ATTACHMENT_

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

_____
_____
_____
_____
_____

GROUND TWO: _____
_____

SUPPORTING FACTS: _____

*Attachment Sheet* (handwritten)

GROUND THREE: _____
_____

SUPPORTING FACTS: _____
_____
_____
_____
_____
_____

3

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

*ATTACHMENT SHEET*

_____
Signature of plaintiff(s)    *Tony Broach*

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on  *MARCH 6, 2006* .
              (Date)

_____
Signature of plaintiff(s)    *Tony Broach*

4

## Jurisdiction

1). The jurisdiction of this court is invoked pursuant to 28 U.S.C. Section 1331, this is an action which arise under the Constitution and laws of the United States, to wit: the Fourteenth (14th) Amendment of the United States Constitution.

2). The jurisdiction of this court is invoked pursuant to 28 U.S.C. Section 1343. This is an action at law and in equity authorized by 42 U.S.C. Section 1983. The privileges and immunities sought to be secured by this action are rights, privilege and immunities guaranteed by the Eighth (8th) Amendment, prohibition against cruel and unusual punishment and the process due of the Fourteenth (14th) Amendment, both of the United States Constitution and by 42 U.S.C. 1983.

## Parties

3). The Plaintiff, Tony C. Broach #136351, is presently incarcerated in the Alabama Prison System, at Fountain Corr. Fac. 3800, Atmore, Alabama 36503.

4). ## Defendants

A). <u>Bob Riley</u>, is Governor of the State of Alabama. Governor Riley is sued in his individual and official capacities. 600- Dexter Avenue, Montgomery Alabama 36130.

B). <u>William Segrest</u>, is current Executive Director of Alabama Board of Pardons + Paroles. He sued in his offical capacity as to Plaintiff's claim for injunctive relief to the extent Plaintiff seek award of nominal damages,

(1)

HE IS SUED IN HIS INDIVIDUAL CAPACITY ONLY. STATE of ALABAMA BOARD of PARDONS + PAROLES, P.O. BOX 302405, MONTGOMERY, ALABAMA 36130-2405.

C). CYNTHIA DILLARD, IS CURRENT ASSISTANT EXECUTIVE DIRECTOR of ALABAMA BOARD of PARDONS + PAROLES. SHE IS SUED IN HER OFFICAL CAPACITY AS TO PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF. TO THE EXTENT PLAINTIFF SEEK AWARD of NOMINAL DAMAGES, SHE IS SUED IN HER INDIVIDUAL CAPACITY ONLY. STATE of ALABAMA BOARD of PARDONS + PAROLES, P.O. BOX 302405, MONTGOMERY, AL. 36130-2405.

D). EDDIE COOK, IS CURRENT ASSISTANT EXECUTIVE DIRECTOR of ALABAMA BOARD of PARDONS + PAROLES, HE IS SUED IN HIS OFFICAL CAPACITY AS TO PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF TO THE EXTENT PLAINTIFF SEEK AWARD of NOMINAL DAMAGES, HE IS SUED IN HIS INDIVIDUAL CAPACITY ONLY. STATE of ALABAMA BOARD of PARDONS + PAROLES, P.O. BOX 302405, MONTGOMERY, ALABAMA 36130-2405.

E). SIDNEY WILLIAM, IS CURRENT CHAIRMAN of THE PAROLE BOARD PANEL FOR ALABAMA BOARD of PARDONS + PAROLES. HE IS SUED IN HIS OFFICAL CAPACITY AS TO PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF TO THE EXTENT PLAINTIFF SEEK AWARD of NOMINAL DAMAGES, HE IS SUED IN HIS INDIVIDUAL CAPACITY ONLY. STATE of ALABAMA BOARD of PARDONS + PAROLES, P.O. BOX 302405, MONTGOMERY, ALABAMA 36130-2405.

F). VELENDA WEATHERLY, IS CURRENT A MEMBER of THE PAROLE BOARD PANEL FOR ALABAMA BOARD of PARDONS + PAROLES. SHE IS SUED IN HER OFFICAL CAPACITY AS TO PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF TO THE EXTENT PLAINTIFF SEEK AWARD of NOMINAL DAMAGES, SHE IS SUED IN HER INDIVIDUAL CAPACITY ONLY. STATE of ALABAMA BOARD of PARDONS + PAROLES, P.O. BOX 302405, MONTGOMERY, ALABAMA 36130-2405.

G). ROBERT LONGSHORE, IS CURRENT A MEMBER OF THE PAROLE BOARD PANEL FOR ALABAMA BOARD OF PARDONS & PAROLES. HE IS SUED IN HIS OFFICAL CAPACITY AS TO PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF TO THE EXTENT PLAINTIFF SEEK AWARD OF NOMINAL DAMAGES, HE IS SUED IN HIS INDIVIDUAL CAPACITY ONLY. STATE OF ALABAMA BOARD OF PARDONS & PAROLES, P.O. BOX 302405, MONTGOMERY, ALABAMA 36130-2405.

## INTRODUCTION

5). THIS ACTION IS BROUGHT ON BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY SITUATED LEAST FAVORED AMONG THE CITIZENS, POLITICIANS AND POLITICAL ENTITIES IN THE STATE OF ALABAMA- PERSON CONVICTED OF CRIMES.

6) FOR THE PAST FOUR (4) YEARS, PLAINTIFF HAS MADE REPEATED ATTEMPTS TO OBTAIN EVEN THE RUDIMENT OF DUE PROCESS.

7). YET BECAUSE PLAINTIFF IS AN UNFAVORED, UNPOPULAR, WITH NO POLITICAL POWER, NO LOBBYING MECHANISM AND THE INABILITY TO RAISE EITHER FUNDS OR PUBLIC CONSCIOUSNESS, THE POLITICAL APPOINTEES OF THE ALABAMA BOARD OF PARDONS & PAROLES (HEREIN KNOW AS THE BOARD) HAVE IGNORED THE PLAINTIFF PLEA FOR JUSTICE AND TRAMPLED UPON HIS CLEARLY DEFINED, UNDISPUTED CONSTITUTIONAL RIGHTS.

8). THIS ACTION ENLISTS THE HELP OF THE FEDERAL COURT, AS THE PLAINTIFF'S LAST AVENUE OF HOPE, TO ENFORCE THEIR WELL ESTABLISHED, RECOGNIZED, FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS.

9). IN SHORT, THIS ACTION DEMANDS THAT THE FEDERAL COURT IMPOSE THE RULE OF LAW ON THE ALABAMA BOARD OF PARDONS & PAROLES MEMBERS OF A RUNAWAY STATE AGENCY, WHO ARE ACTING IN AN ARBITRARY, CAPRICIOUS, ABUSIVE, DISCRIMINATORY AND VINDICTIVE MANNER UNDER THE COLOR OF LAW.

## PRELIMINARY STATEMENT

10). This is a civil right complaint brought pursuant to 42 U.S.C. Section 1983, filed by Tony Broach #136351, a state prisoner and all other similarly situated, seek primarily injunction and declaratory relief on behalf of all inmates in Alabama State Prison who have reached a parole eligibility date without receiving the parole hearing mandated by Alabama Board of Pardons & Paroles according to Chapter 640-x-2-.02(8).

11). Plaintiff seek primarily injunction and declaratory relief requiring the defendants to "comply" with the mandatory deadline set forth in the Alabama Board of Pardons & Paroles Administrative Code - Provision of Parole Hearings.

12). There are common questions of law or fact affecting the rights of Plaintiff and others similarly situated.

   A). Whether the Alabama Parole Board Administrative Code creates a constitutionally protected liberty interest in the procedures by which parole hearings may be delayed;

   B). Whether the failure to hold parole hearings within the deadline mandated by the Board Act No. 640-x-2-.02(8) violates the process due of Plaintiff.

## THE ALABAMA PAROLE ACT AND THE LIBERTY INTEREST IT CREATES

13). The Board Act 640-x-2-.02(8), creates a protected liberty interest sufficient to entitle inmates to federal due process and constitutional protection with respect to parole hearings.

14). Alabama Parole Act 640-x-2-.02(8), creates a protected expectation that each inmate will receive an open board hearing within

(4)

A SPECIFIED TIME PERIOD.

    A). AN ACTUAL HEARING BEFORE A PAROLE BOARD PANEL.

15). ALABAMA PAROLE ACT 640-X-2-.02(8), STATE IN PART:

"WHEN AN INMATE IS DENIED PAROLE, THE BOARD WILL DETERMINE WHEN HIS CASE IS TO BE RESET, BUT IN NO EVENT "SHALL" IT BE RESET FOR MORE THAN THREE (3) YEARS FROM THE DATE OF THE DENIAL." (EXHIBIT-A).

16). THIS SECTION EXPRESSLY GUARANTEE THAT IN NO EVENT "SHALL" IT BE RESET FOR MORE THAN THREE (3) YEARS, BEFORE AN ACTUAL HEARING BEFORE A BOARD PANEL.

17). PLAINTIFF'S HAD A PAROLE HEARING IN SEPTEMBER OF 2000, PLAINTIFF WAS DENIED PAROLE.

18). PLAINTIFF WAS RESET FOR FUTURE ELIGIBILITY IN SEPTEMBER 2002, FOR A BOARD PANEL HEARING.

19) PLAINTIFF'S HEARING WAS DELAYED FOUR (4) YEARS AND ELEVEN (11) MONTHS. THE BOARD PANEL IN AUGUST 2005, AGAIN DENIED PAROLE. (EXHIBIT-B)

20. THE FAILURE TO HOLD PAROLE HEARING WITHIN THE THREE (3) YEARS DEADLINE MANDATED BY THE BOARD ADMINISTRATIVE CODE CREATES A "LIBERTY INTEREST" WHICH REQUIRES THAT DUE PROCESS BE OBSERVED IN THE DELAY.

### DEFENDANT'S CHRONIC FAILURE TO MEET THE MANDATORY DEADLINE

21). FOR MORE THAN FOUR (4) YEARS NOW, THE DEFENDANTS HAVE NOT COMPLIED WITH THIS STATUTORY REQUIREMENT.

22). FOR SOME TIME NOW, HUNDREDS OF INMATES IN ALABAMA STATE PRISONS HAVE BEEN HELD IN CUSTODY PAST THEIR PAROLE ELIGIBILITY DATE WITHOUT THE REQUIRED PAROLE HEARING BY A BOARD PANEL.

(5)

23). This is in violation of the plain language of the parole statue, which requires that this event "SHALL" occur within a specified number of years. The mandatory language use vests the defendants with "NO DISCRETION" whatsoever as to the meeting of the deadline.

### DEFENDANTS ACTIONS ARE INTENTIONAL

24). Upon information and belief, the defendants standard response to criticism of the illegal "BACKLOG" is to claim that it will be eliminated in a year. Despite such promises, the backlog EXISTS today.

25). There are still more than five-hundreds Alabama prison inmates eligible for parole whose mandatory parole determinations has been delayed for at least three (3) years WITHOUT a parole hearing.

### COUNT - I
### Fourteenth Amendment and 42 U.S.C. 1983

26). Plaintiff incorporate the allegations contained in each of the preceding paragraphs as if fully set forth at length herein.

27). Plaintiff have suffered various constitutional injuries at the hands of the defendants as described herein, comitted under the color of law, which deprived plaintiff and others similarly situated of rights, privileges and immunities secured to them by laws and constitution of the United States, including but not limited to the following:

    A). The right to protection from deprivation of life, liberty and property without due process, as secured by the fourteenth amendment; AND

    B). The right to be free from cruel and unusual

(6)

punishment by being subject to totally arbitrary and capricious extensions of his prison sentence without any relationship to sentence imposed or the crime(s) of which he is convicted;

C). The right to be protected against arbitrary and capricious summary punishment, secured by the right to Due Process;

28). Specifically, the Defendants have violated the Due Process right of Plaintiff by pursuing a custom, practice or policy of ignoring the mandatory act requirement governing the delay in Board Panel hearing.

29). Regardless of whether Plaintiff would have been actually release on parole had the mandatory procedures been followed, the violation of these Due Process right is, in and of itself, a separate violation of the Constitutional right of the Plaintiff.

<u>Count II</u>

30). The standards and methods by which the Alabama Board of Pardons + Paroles grants and denies paroles on the ground that they are so arbitrary as to violate the requirement of Due Process.

31). <u>Code of Alabama 1975, Section 15-22-26</u>, ground for release state in part:

A). No prisoner shall be release on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only "if" the board is of the "opinion" that there is reasonable probability that "if" such prisoner is release, he will live and remain at liberty without violating the law and that

(7)

HIS RELEASE "IS NOT" INCOMPATIBLE WITH THE WELFARE OF SOCIETY.

32). THIS SECTION OF ALABAMA CODE 1975 (15-22-26), IS SO "VAGUE" AS TO VEST UNBRIDLED DISCRETION IN THE BOARD, BUT ALSO BECAUSE IT REQUIRES THE BOARD TO MAKE PREDICTIONS REGARDING AN INMATE FUTURE CONDUCT UPON RELEASE THAT ARE CLAIMED TO LIE BEYOND THE GRASP OF HUMAN KNOWLEDGE AND EXPERTISE.

33). STANDARDS FOR RELEASE OF PRISONER'S ON PAROLE IS SO NEBULOUS THAT IT GRANTS UNCONTROLLED POWER TO THE BOARD NECESSARYILY CAUSE DECISIONS TO BE MADE ON AN "AD HOC" AND SUBJECTIVE BASIS WITH ATTENDANT DANGERS OF ARBITRARY AND DISCRIMINATORY APPLICATION.

34). AT ISSUE IS THE CONSTITUTIONALITY OF THE STATUTE (ON IT'S FACE AND AS APPLIED) IT'S UNCONSTITUTIONAL ON IT FACE BECAUSE THE STATUE IS "INCAPABLE" OF BEING APPLIED RATIONALLY, FAIRLY, CONSISTENTLY AND NONARBITRARILY. (EXHIBIT C).

35). THE BOARD IN PRACTICE UNFAIRLY, DISCRIMINATES AMONG PRISONERS AND FAILS TO MAKE PAROLE RELEASE DECISIONS WHICH ARE RATIONALLY, FAIR, CONSISTENT AND NON-ARBITRARY FROM CASE TO CASE.

36). IN PARTICULAR THREE (3) PHRASES IN THE CODE OF ALABAMA 1975 SECTION 15-22-26, ARE SUSCEPTIBLE OF DISTINCT, AND INCONSISTENT INTERPRETATIONS.

37). RELEASE IS WARRANTED ONLY WHEN THE BOARD HOLDS AN "OPINION", IT'S NEVER EXPLAIN WHETHER OPINION AS USED MEANS A BELIEF BASED ON FAITH, A JUDGMENT BASED ON FINDING OF FACTS OR AN EDUCATED GUESS.

38). THE DIFFICULTY IN UNDERSTANDING THE GENERAL MEANING OF "WITHOUT VIOLATING THE LAW" THIS REQUIRES THE BOARD TO PREDICT WHETHER A PAROLEE, IF RELEASE WILL LIVE WITHOUT VIOLATING THE LAW. VIOLATIONS OF THE LAW MAY RANGE FROM COMMISSION

(8)

of serious felonies to misdemeanors, such as illegal parking or speeding on a highway. Moreover, one can not judge from reading the statute on its face whether the phrase also includes disregard of restraints placed on a parolee by Board or violation of non-criminal statutes such as breaking a lease or defaulting on a note.

39). Finally, the phrase "<u>not incompatible with the welfare of society</u>" while composed of non-technical words, is equally amorphous. The statute contains no objective standard, as to what constitutes the welfare of society or what conduct is incompatible.

40). The uncertainty of the meaning of <u>Code of Alabama 1975</u>, Section 15-22-26, Standards For Release of Prisoners on Parole, critical terms as shown by this brief analysis raises questions so serious that attack on the statute can not be disposed of on the necessarily limited state of the record at this preliminary stage of the litigation.

(9)

## REQUESTED RELIEF

WHEREFORE, PLAINTIFF PRAY THAT THIS COURT ISSUE A PRIMARILY INJUNCTION AND DECLARATORY RELIEF HOLDING THAT DEFENDANTS POLICIES AS DESCRIBED HEREIN VIOLATE PLAINTIFF CONSTITUTIONAL RIGHT, ALSO AN INJUNCTIVE RELIEF AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITY, REQUIRING THEM:

A). TO PROVIDE AN ADEQUATE ALTERNATIVE MECHANISM THAT WILL END THE CONTINUAL VIOLATIONS AS SOON AS POSSIBLE.

B). FOR ATTORNEY'S FEES, COSTS OF SUIT;

C). THAT THIS HONORABLE COURT DECLARE THE CODE OF ALABAMA 1975 (15-22-26), STANDARDS FOR RELEASE OF PRISONER ON PAROLE, VOID FOR BEING IMPERMISSIVELY "VAGUE ON IT'S FACE", THEREFORE THE UNCERTAINTY OF THE MEANING OF CRITICAL TERMS AS USED IN CODE OF ALABAMA 1975 (15-22-26), RAISES QUESTIONS SO SERIOUS THAT THE ATTACK ON THE STATUTE COULD NOT BE DISPOSED ON THE LIMITED READING OF THE RECORD.

D). FOR SUCH OTHER LEGAL AND EQUITABLE RELIEF THE COURT MAY DEEM NECESSARY TO CORRECT THE "EGREGIOUS" SITUATION WHICH CURRENTLY EXISTS.

(10)

Respectfully submitted,

Tony Broach, pro se,

Tony Broach
#136351   3-132
Fountain Corr. Fac. 3800
Atmore, AL. 36503

(11)