IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


TONY C. BROACH, #136351,
            Plaintiff,


v.                          CASE NO. 2:06-CV--228-WHA


BOB RILEY, et al.,
            Defendants.


## DEFENDANT'S SPECIAL REPORT

**COME NOW**, Defendants William C. Segrest, Cynthia
Dillard, Eddie Cook, Sidney Williams, VeLinda
Weatherly, and Robert Longshore, represented by the
undersigned counsel, and shows the Court as follows:

### The Parties

1. Plaintiff, Tony C. Broach, is serving a life
sentence for multiple felony convictions from the
Circuit Court for Houston County.

2. Bob Riley, Governor of the State of Alabama, is
named as a defendant in this case.  Governor Riley has
no authority to administer or grant pardons and
paroles, as this delegation was granted to the Alabama

1

Board of Pardons and Paroles by the Alabama Legislature through the passage of Amendment 38 of the Alabama Constitution of 1901.

3.   William C. Segrest, the Board's Executive Director, is named as a defendant in this case.  In his capacity as Executive Director, he supervises the Board's officers and administrative staff in carrying out the Board's policies.  Defendant Segrest is not a member of the Board of Pardons and Paroles and has no decision-making authority in deciding which prisoners are granted or denied parole. Please see **Exhibit 1**, Affidavit of William C. Segrest, Executive Director. Plaintiff sues Defendant Segrest in his official and individual capacities.

3.   Cynthia Dillard, one of the Board's Assistant Executive Directors, is named as a defendant in this case.  In her capacity as Assistant Executive Director, Defendant Dillard assists the Executive Director in supervising the Board's officers and administrative staff in carrying out the Board's policies.   Defendant Dillard is over the Board's Administrative Operations Division. Defendant Dillard is not a member of the

Board of Pardons and Paroles and has no decision-making authority in deciding which prisoners are granted or denied parole. Please see *Exhibit 2*, Affidavit of Cynthia Dillard, Assistant Executive Director.[1] Plaintiff sues Defendant Dillard in her official and individual capacities.

4. Eddie Cook, one of the Board's Assistant Executive Directors, is named as a defendant in this case. In his capacity as Assistant Executive Director, Defendant Cook assists the Executive Director in supervising the Board's officers and administrative staff in carrying out the Board's policies. Defendant Cook also supervises the Field Administrative Division (Field Services); the Board's Transition Centers: and the Interstate Compact Unit. Defendant Cook is not a member of the Board of Pardons and Paroles and has no decision-making authority in deciding which prisoners are granted or denied parole. Please see *Exhibit 3*, Affidavit of Eddie Cook, Assistant Executive Director. Plaintiff sues Defendant Cook in his official and individual capacities.

---

[1] The affidavit of Cynthia Dillard will be filed at a later date.

5.  Sidney Williams, Chairman of the Alabama Board of Pardons and Paroles, is a named defendant in this case.  In his capacity as Chairman of the Board, Defendant Williams is one of three regular board members who has the discretionary decision-making authority of whether or not to grant parole or deny parole during parole consideration hearings conducted in open public meetings.  Defendant Williams also has the discretionary decision-making authority to reset a prisoner for further parole consideration in conjunction with the *Alabama Board of Pardons and Paroles Rules, Regulations, and Procedures*.  Defendant Williams is the Chairman of the Board and presides over the day-to-day transactions conducted by the Board in open public meeting.  ***See Exhibit 4,*** Affidavit of Sidney T. Williams.

6.  VeLinda A.J. Weatherly, Associate Board Member, is named as a defendant in this case.  In her capacity as an Associate Board Member, Defendant Weatherly is one of three regular board members who has the discretionary decision-making authority of whether or not to grant parole or deny parole during parole

consideration hearings conducted in open public meetings. Defendant Weatherly also has the discretionary decision-making authority to reset a prisoner for further parole consideration in conjunction with the *Alabama Board of Pardons and Paroles Rules, Regulations, and Procedures*. See ***Exhibit 5***, Affidavit of VeLinda A.J. Weatherly.

7. Robert Longshore, Associate Board Member, is named as a defendant in this case. In her capacity as an Associate Board Member, Defendant Longshore is one of three regular board members who has the discretionary decision-making authority of whether or not to grant parole or deny parole during parole consideration hearings conducted in open public meetings. Defendant Longshore also has the discretionary decision-making authority to reset a prisoner for further parole consideration in conjunction with the *Alabama Board of Pardons and Paroles Rules, Regulations, and Procedures.* See ***Exhibit 6***, Affidavit of Robert Longshore.

## Our Understanding of the Complaint

Broach has filed a §1983 complaint against Bob Riley, Governor of the State of Alabama, William C. Segrest, Executive Director of the Alabama Board of Pardons and Paroles, Cynthia Dillard, Assistant Executive Director of the Alabama Board of Pardons and Paroles, Eddie Cook, Assistant Executive Director of the Alabama Board of Pardons and Paroles, Sidney Williams, Chairman of the Alabama Board of Pardons and Paroles, VeLinda Weatherly, Associate Member of the Alabama Board of Pardons and Paroles and Robert Longshore, Associate Member of the Alabama Board of Pardons and Paroles, where he is suing them in their official and individual capacities.

Broach is also suing Governor Riley. Governor Riley has no authority over the administration of pardons and paroles, as this authority was delegated to the Alabama Board of Pardons and Paroles, a legislative agency, by the Alabama Legislature through the passage of Amendment 38 of the Alabama Constitution of 1901.

Broach seeks injunctive relief and nominal damages from the listed defendants. Broach asks this Court to

issue a preliminary injunction and declaratory relief holding that defendant's policies violate his constitutional rights.

In his complaint, Broach claims the following:

1.    That the Board violated his constitutional rights under the Fourteenth Amendment by depriving him of Due Process;

2.    That the Board violated his Eighth Amendment rights against Cruel and Unusual Punishment by increasing his term of sentence;

3.    That the Board acted arbitrary, capricious, abusive, discriminatory, and in a vindictive manner under the color of law;

4.    That the Board's Rules, Regulations, and Operating Procedures create a liberty interest in being considered for parole; and

5.    That Ala. Code §15-22-26 (1975) is vague and ambiguous.

### The State's Position

Broach makes numerous claims that the *Board* violated his rights.  The Board of Pardons and Paroles is not a party to this action.  Even if the Board *were*

a named party, the Board of Pardons & Paroles is an agency of the State of Alabama[2] and is absolutely immune from suit.  The Board is not a person acting under the color of state law for purposes of §1983 liability.

The Board would be entitled to Eleventh Amendment immunity, if it were a named defendant.  The State does not and can not consent to be sued.  See Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057 (1978).  Art. I, § 14 of the Alabama Constitution provides that "the State of Alabama shall never be made a defendant in any court of law or equity".

Defendants Segrest, Dillard, Cook, Williams, Weatherly and Longshore deny the material averments in Broach's complaint and demand strict proof thereof.

### Eleventh Amendment Immunity

Defendants Segrest, Dillard, Cook, Williams, Weatherly and Longshore are entitled to Eleventh Amendment immunity in their official capacities where money damages are sought, as this is in effect a suit

---

[2] The Board acts as an arm of the Legislature. The powers it exercises were taken from the Governor by Amendment 38 of the Alabama Constitution in 1939.

against the State of Alabama. *See Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057 (1978).

## Qualified Immunity

Defendants Segrest, Dillard, and Cook are entitled to qualified immunity. *See Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed2d 396 (1982) and *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034 (1987).

In the alternative, Defendants Williams, Weatherly and Longshore are entitled to qualified immunity.

The United States Supreme Court in *Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001)* states:

> Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The privilege is "an *immunity from suit* rather than a mere defense to liability;*201 and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Ibid.As a result, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam).

Public officials are entitled to qualified immunity from "liability for civil damages insofar as

their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, supra.

The complaint fails to show **any** actions taken by Defendants Segrest, Dillard or Cook that violate Broach's federally protected constitutional rights, much less conduct that violates clearly established statutory or constitutional rights of which a reasonable person would have known.  Broach fails state a claim for which relief can be granted against Defendants Segrest, Dillard and Cook.

It is important for this Court to understand that *Defendants Segrest, Dillard, and Cook* have no power or authority over parole decisions, as this non-delegable function was delegated to the Board of Pardons and Paroles through Amendment 38 of the Alabama Constitution of 1901.  It is clear that Broach fails to state a claim against Defendants Segrest, Dillard, and Cook for which relief can be granted.

Broach also fails to show where *Defendants Williams, Weatherly and Longshore*, in exercising their discretion, engaged in conduct that violates clearly

established statutory or constitutional rights of which a reasonable person would have known. Broach also fails to show where Defendants Williams, Weatherly and Longshore exceeded their discretionary decision-making authority.  Broach fails to state a claim for which relief can be granted.

### "Absolute" Immunity

Defendants Williams, Weatherly, and Longshore, the individual Board Members, enjoy "absolute" immunity. *See also Pate v. Alabama Bd. of Pardons and Paroles, 409 F.Supp. 478 (M.D.Ala. 1976), aff'd, 548 F.2d 354 (5th Cir.(Ala.) Feb 24, 1977).* [3]   The *Pate* Court held:

> ***It is the judgment of this Court that Defendants Robinson, Ussery, Lambert and the Board of Pardons and Paroles are absolutely immune from suit for damages under 42 U.S.C. s 1983***. The Court would note the recent decision of the United States Supreme Court, extending such absolute immunity evey to public prosecutors, Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128, 44 U.S. Law Week 4250 (1976), as evidencing support for the general line of reasoning herein adopted.

---

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (in banc), the court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

Defendants Williams, Weatherly and Longhsore are absolutely immune from suit for damages under §1983.

### 42 U.S.C.A. §1983 Claims

For purposes of 42 U.S.C. §1983, Broach fails to prove that Defendants Segrest, Dillard, Cook, Williams, Weatherly or Longshore violated his federally protected constitutional rights, a prerequisite to a §1983 action.  Absent a federally protected constitutional violation, *there is no §1983 action.* (Emphasis added).

To establish a claim under 42 U.S.C. §1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988).*  The gist of a §1983 claim is that there **must** be a deprivation of a federally protected right.

Broach argues that the alleged constitutional violation occurred in August 2005. *See Page 2 of [Doc. 1-1]* of the Original Complaint filed 3-10-06.  Broach did have a parole hearing August 11, 2005, where he was

12

denied parole and reset for August 2007, a two-year set-off. **Exhibit A**. Although the Board is not a party to this action, the Board did follow *Article 6, § 11*, of the *Alabama Board of Pardons and Paroles Rules, Regulations, and Procedures*, which states: "[I]f parole has been denied, the Board shall determine whether and when the case shall next be docketed for consideration, not to exceed five(5) years. The case will be considered again as near as practicable to the specified month and year." There is no deviation from the *Rules* or failure of the Board to abide by its own *Rules*.

Broach fails to prove or show that Defendants Williams, Weatherly and Longshore violated his federally protected constitutional rights, a prerequisite to a §1983 action, in August 2005, the date that Broach claims that the defendants violated his constitutional rights. In the absence of a violation of a federally protected constitutional right, there is no §1983 action, as is the case here. Broach makes conclusory allegations insufficient to state a claim for which relief can be granted.

In the body of his complaint, Broach argues that the Board (emphasis added) waited four (4) years and eleven (11) months after his parole consideration hearing of September 2000 before affording him another hearing and that "*the failure to hold parole hearing within three (3) years deadline mandated by the Board Administrative Code creates a "Liberty Interest" which requires that Due Process be observed in the delay.*" *See Page 9 of [Doc. 1-1].* Broach is misguided in his claim that he had a hearing in September 2000. Broach was considered for parole on September 15, 1999, where he was reset for further tentative parole consideration in September of 2002, **Exhibit B**, **a three-year set-off**.

In 1999, the *Rules, Regulations, and Procedures of the Board of Pardons and Paroles (Revised 2/10/86). Rule 640-X-2-.02(8),* **Exhibit C,** state: "**A parole calendar dated may be changed by order of the Board.** No Calendar date will be scheduled prior to service of one-third of the term or ten years for total terms of ten years or more except by unanimous action of the Board. When an inmate is denied parole, the Board will determine when his case is to be reset *but in no event*

14

*shall it be **reset** for more than three years from the date of the denial*." As discussed, *supra*, Broach was considered for parole on September 15, 1999, where he was **reset** for further tentative parole consideration in September of 2002, ***a three-year set-off***.  The Board complied with its *Rules* in effect in 1999.  Broach's claim is frivolous.

In 1999, Defendants Williams, Weatherly and Longshore were not even serving as Board Members during that time.  In 2002, Defendants Weatherly and Longshore were not on the Board.  Defendant Williams was appointed to the Board, as Chairman, on October 29, 2001, but took no action in relation to Broach until Broach's August 11, 2005 parole consideration hearing. See the Affidavits of Williams, Longshore, and Weatherly.

The bottom line is that Broach fails to show where Defendants Williams, Weatherly and Longshore violated his constitutional rights.  Absent a violation of a constitutional right, there is no §1983 action.  Broach fails to state a claim for which relief can be granted.

**Laches**

The claims that relate to Broach's September 15, 1999 parole hearing and his September 2002 tentative parole consideration are barred by the doctrine of laches, as he **could have** and **should have** litigated these claims prior to almost seven (7) years passing by and prior to his most recent parole consideration hearing date of August 11, 2005.

**Claims Barred by the Statute of Limitations**

"A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. *Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir.1999), citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).", quoted from Lesley v. David, 2005 WL 3536276 (N.D. Fla. 2005).*

The statute of limitations for a 42 U.S.C. §1983 claim involving personal injury in the State of Alabama is two years.  The statute of limitations of two years has long passed since the September 1999 parole

consideration hearing and the September 2002 tentative parole consideration date. There is no tolling provision in Alabama in relation to §1983.  See *Hill v. City of Montgomery, 74 F.Supp.2d 1169 (M.D.Ala. 1999).* See also *Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003).*

Any and all claims presented to this Court by Broach in relation to the tentative parole consideration hearing set for September 2002 and his September 15, 1999 parole hearing where he was denied parole are time barred.

In relation to the September 2002 tentative parole consideration date, this claim is time barred as of September 2004. In relation to Broach's parole hearing held on September 15, 1999, this claim is time barred as of September 2003.

**Lack of Standing to Sue on Behalf of Alabama Prisoners**

Broach attempts to sue on behalf of hundreds of inmates in the Alabama prison system.  Broach lacks standing to bring suit on behalf of hundreds of inmates in Alabama State prisons that he alleges have been held in custody past their parole eligibility date.

17

## I.    Broach's Due Process Claims

The Defendants deny ever violating Broach's due process rights. A prerequisite to a due process claim is the establishment of a legally protected interest or right. See *Medical Laundry Service v. University of Alabama, 840 F.2d 840 (11th Cir. 1988)*. Broach does not enjoy a right to parole. The Eleventh Circuit, in *Jones v. Ray, 279 F.3d 944 (11th Cir. 2001)*, states: "[I]t also is well-settled that there is no federal constitutional right to parole. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Only when a state maintains a parole system that creates a legitimate expectation of parole does it establish a liberty interest in parole that is subject to the protections of the Due Process Clause. Id. at 12, 99 S.Ct. 2100." The law is well settled that Alabama parole statutes do no create a liberty interest in parole. *See Ellard v. Alabama Bd. of Pardons and Paroles, 824 F.2d 937 (11th Cir. 1987) and Thomas v. Sellers, 591 F.2d 487 (11th Cir. 1983).*

The Eleventh Circuit, in *O'Kelley v. Snow, 53 F.3d 319 (11th Cir. 1995)*, held that "[M]oreover, "[u]nless there is a liberty interest in parole, **the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness.**" Slocum v. Georgia State Board of Pardons and Paroles, 678 F.2d 940, 942 (11th Cir.1982) (citation omitted). Thus, it is now clear that there is no constitutional basis for O'Kelley's due process claim."

Alabama law confers on this Board, a non-party to this action, "total" discretion, once its jurisdiction properly attaches, to determine what prisoners may be released on parole and when, Ala. Code §15-22-24(a). *See Thompson v. Board of Pardons & Paroles, 806 So.2d 374 (Ala. 2001)*.

The Board, as an entity, (a non-party to this action) has the statutory authority, in open public meeting, to decide which prisoners may be released on parole and when.

One individual Board Member's actions do not constitute the transaction of the official business of the board. See Ala. Code *§15-22-20(f)(1975)* which

19

states: "[T]wo members of the board shall constitute a quorum for the transaction of the official business of the board."

The law is well settled in Alabama that the Board does not have to give reasons for the denial of parole, only for the grant of parole. *Tedder v. Alabama Bd. of Pardons & Paroles, 677 So.2d 1261, 1263 (Ala.Crim.App.), cert. denied, 518 U.S. 1008, 116 S.Ct. 2531, 135 L.Ed.2d 1054 (1996)* states:

> ***As previously stated, because there is no liberty interest at issue when an individual is denied parole no due process rights attach to the proceeding. Andrus.*** Furthermore, § 15-22-36(b) states: "*Each member of the board of pardons and paroles favoring a pardon, parole*, remission of a fine or forfeiture or restoration of civil and political rights *shall enter in the file his reasons in detail,* which entry and the order shall be public records, but all other portions of the file shall be privileged." (Emphasis added.) ***There is no statutory requirement that a Board member detail his reasons for denying parole.***

The mere expectation of parole is not a protected liberty interest protected by the U.S. Constitution. As stated above, an inmate does not have a liberty interest in being paroled. However, once ***released*** on parole, a liberty interest attaches and the parolee's freedom may only be taken away after affording the

parolee due process, *Morrissey v. Brewer,* 408 U.S. 471, (1972). *See* also *Jago v. Van Curen,* 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13 (1980).  Broach was never released on parole, thus the due process requirements of *Morrissey, supra,* do not apply to him.

Broach fails to state a claim for which relief can be granted, as he is <u>not</u> entitled to due process.

**II.  Broach's Eighth Amendment Cruel and Unusual Punishment Claim by being subject to an arbitrary and capricious extension of his prison sentence**

Broach claims that the Board violated his Eighth Amendment rights against Cruel and Unusual Punishment by being subject to an arbitrary and capricious <u>extension</u> of his prison sentence.  The Board is not a party to this action.

Defendants deny imposing any kind of sentence on Broach and deny extending Broach's prison sentence. Defendants do not have the statutory[4] authority to sentence Broach *or* to alter his current sentence.

Broach's Eighth Amendment claim is frivolous.  The

---

[4] The authority of the Board comes from *Ala. Code §15-22-1, et. seq.*

Eight Amendment deals with "excessive punishment".

*Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909 (1976)*

states the following:

> .A penalty also must accord with "the dignity of man," which is the "basic concept underlying the Eighth Amendment."Trop v. Dulles, supra, 356 U.S., at 100, 78 S.Ct., at 597 (plurality opinion). This means, at least, that the punishment not be "excessive." When a form of punishment in the abstract (in this case, whether capital punishment may ever be imposed as a sanction for murder) rather than in the particular (the propriety of death as a penalty to be applied to a specific defendant for a specific crime) is under consideration, **the inquiry into "excessiveness" has two aspects. First, the punishment must not involve the unnecessary and wanton infliction of pain.** Furman v. Georgia, supra, 408 U.S., at 392-393, 92 S.Ct., at 2805-2806 (Burger, C. J., dissenting). See Wilkerson v. Utah, 99 U.S., at 136; Weems v. United States, supra, 217 U.S., at 381, 30 S.Ct., at 554. **Second, the punishment must not be grossly out of proportion to the severity of the crime.** Trop v. Dulles, supra, 356 U.S., at 100, 78 S.Ct., at 597 (plurality opinion) (dictum); Weems v. United States, supra, 217 U.S., at 367, 30 S.Ct., at 549.

The Eighth Amendment proscribes only those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman, 452 U.S. 337 (1981).* Proof of serious deprivations of basic human needs is necessary for an Eighth Amendment claim. *Hutton v. Finney, 437 U.S. 678 (1978).*

Again, neither the Board nor the individual Board Members have the statutory authority to sentence a prisoner or to alter a prisoner's sentence. Broach's claims do not even deal with his confinement conditions or serious deprivations of basic human needs.

Parole is an act of grace, not a right. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).  See also *Jones v. Ray, 279 F.3d 944 (11th Cir. 2001).*

The law is well settled that Alabama parole statutes do no create a liberty interest in parole. *See Ellard v. Alabama Bd. of Pardons and Paroles, 824 F.2d 937 (11th Cir. 1987) and Thomas v. Sellers, 591 F.2d 487 (11th Cir. 1983).*

The Board has "total" discretion in the granting or denying of paroles. See *Thompson v. Board of Pardons & Paroles, 806 So.2d 374 (Ala. 2001).* The denial of parole does not increase a prisoner's sentence.

Defendants Williams, Weatherly and Longshore could not have violated Broach's Eighth Amendment claims, even if his Eighth Amendment claim could have been viable. Defendants Williams, Weatherly and Longshore were not on the Board in 1999. Defendants Weatherly and Longshore were not on the Board in 2002. The only official action that Defendant Williams took was during the August 11, 2005 parole hearing where Broach was denied parole and reset for further tentative parole consideration in August 2007.

In the event that Broach confused the Eighth Amendment with the Ex Post Facto Clause, the Clause is aimed at the retroactive alteration of the definition of crimes or the increasing of punishment for criminal acts. *California Dept. of Corrections v. Morales, 514 U.S. 499, 115 S. Ct. 1597 (1995)* states:

> Article I, § 10, of the Constitution prohibits the States from passing any "ex post facto Law." In *Collins v. Youngblood,* 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990), we reaffirmed that the *Ex Post Facto* Clause incorporated "a term of art with an established meaning at the time of the framing of the Constitution." In accordance with this original understanding, we have held that the Clause is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Id.,*

at 43, 110 S.Ct., at 2719 (citing \*505 *Calder v. Bull,* 3 U.S. (Dall.) 386, 391-392, 1 L.Ed. 648 1798) (opinion of Chase, J.); *Beazell v. Ohio,* 269 U.S. 167, 169-170, 46 S.Ct. 68, 68-69, 70 L.Ed. 216 (1925))."

The issue of whether or not the Board's Operating Procedures violate the Ex Post Facto Clause has already been addressed by the United States Supreme Court.  The Operating Procedures are modeled after procedures adopted by the Georgia Board of Pardons & Paroles and upheld by the U.S. Supreme Court, *Garner vs. Jones, 120 S.Ct. 1362 (2000).*  The Board's Operating Procedures do not violate the Ex Post Facto Clause.

Broach fails to state a claim for which relief can be granted.  Broach's claims are merely conclusory and speculative in that he has not supported his Eighth Amendment claim with any evidence, whatsoever, nor has he proven an Eighth Amendment violation.

### III. Broach's claim that the Board Members acted arbitrary, capricious, abusive, discriminatory, and in a vindictive manner under the color of law

Broach fails to state **how** the individual board members acted arbitrary, capricious, abusive, discriminatory and in a vindictive manner under the

color of law, as these claims are merely conclusory allegations insufficient to state a claim for which relief can be granted. See *Jones v. Ray, 279 F.3d 944 (11th Cir. 2001)*.

If Broach is talking about his claims in relation to the tentative parole consideration hearing set for September 2002 and his September 15, 1999 parole hearing where he was denied parole, those claims are time barred and barred by the doctrine of laches.

Defendants Williams, Weatherly, and Longshore were not on the Board in 1999 and did **not** take any action against Broach.  Defendants Weatherly and longshore were not on the Board in 2002. Although Defendant Williams was appointed to the Board in October 2001, he did not take any action against Broach to violate his federally protected constitutional rights.  The only official action that Defendant Williams took was on August 11, 2005.

Broach fails to show where *any* individual Board Member acted arbitrary, capricious, abusive, discriminatory, and in a vindictive manner under the color of law.  Broach's claims are merely conclusory

allegations insufficient to state a claim for which relief can be granted. See *Jones, supra.*

IV. **Broach's claim that the Board's Rules, Regulations, and Operating Procedures create a liberty interest in being considered for parole**

Alabama law confers on this Board total discretion, once its jurisdiction properly attaches, to determine what prisoners may be released on parole and when, Ala. Code §15-22-24(a).  See *Thompson v. Board of Pardons & Paroles, 806 So.2d 374 (Ala. 2001).*

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).  The Jones Court, *supra*, states: "[I]t is well-settled that there is no federal constitutional right to parole. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Only when a state maintains a parole system that creates a legitimate expectation of parole does it establish a liberty

interest in parole that is subject to the protections of the Due Process Clause. Id. at 12, 99 S.Ct. 2100." The law is well settled that Alabama parole statutes do no create a liberty interest in parole.  *See Ellard v. Alabama Bd. of Pardons and Paroles, 824 F.2d 937 (11th Cir. 1987) and Thomas v. Sellers, 591 F.2d 487 (11th Cir. 1983).*

The Board (a non-party), **not** Defendants Segrest, Dillard, Cook, has specific statutory authority to adopt scheduling guidelines so that its staff may make the initial scheduling decisions, §15-22-24(e), Ala. Code. There has never been a statute conferring on Alabama prisoners the right to be considered for parole at any particular time.  (Emphasis Added).

Many prisoners misread Ala. Code §15-22-28(e) as requiring parole consideration at one-third of the sentence or ten years, whichever is lesser.  The statute actually limits the Board's power to grant parole earlier than the time specified. An earlier grant requires the unanimous agreement of the Board.

Neither the Board's current *Rules, Regulations, and Operating Procedures, **Exhibit D**,* nor the Board's

28

*Rules, Regulations and Procedures of the Board of Pardons and Paroles*, in effect in 1999*, Exhibit C*, create a liberty interest in being **considered** for parole at any particular time.

Rule 640-X-1-.02(8) of the *Rules, Regulations and Procedures of the Board of Pardons and Paroles* deals with **resetting** a future tentative parole consideration dates after having been denied parole.

In 1999, the *Rules, Regulations, and Procedures of the Board of Pardons and Paroles (Revised 2/10/86).* *Rule 640-X-2-.02(8), Exhibit C,* state: "A parole calendar dated may be changed by order of the Board. No Calendar date will be scheduled prior to service of one-third of the term or ten years for total terms of ten years or more except by unanimous action of the Board. When an inmate is denied parole, the Board will determine when his case is to be reset *but in no event shall it be reset for more than three years from the date of the denial.*" As discussed, *supra*, Broach was considered for parole on September 15, 1999, where he was **reset** for further tentative parole consideration in

September of 2002, **a three-year set-off**.  The Board

complied with its *Rules* in effect in 1999.

Again, the claims that Broach make in relation to

the 1999 parole hearing, where he was denied and reset

for September 2002 are time-barred and barred by the

doctrine of laches.

The evidence shows that, even if the 1999 and 2002

claims were not time-barred and barred by the doctrine

of laches, the Board actually complied with its *Rules*

*in 1999.*

On August 11, 2005, Broach was again denied parole

and reset for a two year set-off. Although the Board is

not a party to this action, the Board did follow

*Article 6, § 11*, of the *Alabama Board of Pardons and*

*Paroles Rules, Regulations, and Procedures*, which

states:  "[I]f parole has been denied, the Board shall

determine whether and when the case shall next be

docketed for consideration, not to exceed five(5)

years.  The case will be considered again as near as

practicable to the specified month and year."  There is

no deviation from or failure of the Board to abide by

its own *Rules*.

Broach fails to prove or show that Defendants Williams, Weatherly and Longshore violated his federally protected constitutional rights, a prerequisite to a §1983 action, *in August 2005, the date that Broach claims that the defendants violated his constitutional rights.* The Board complied with its existing *Rules* when setting Broach off for two years. In the absence of a violation of a federally protected constitutional right, there is no §1983 action, as is the case here.

Broach fails to state a claim for which relief can be granted.

### V.   Broach's claim that Ala. Code §15-22-26 (1975) is vague and ambiguous

This issue has already been litigated.  It is well settled-law that *Ala. Code §15-22-26* is not vague and ambiguous.  The Alabama Supreme Court in *Thompson v. Board of Pardons and Paroles, 806 So.2d 374 (Ala. 2001)* states:

> Thompson contends that § 15-22-26 is unconstitutionally vague on its face or as it is administered by the Board of Pardons and Paroles. "A statute that does not concern First Amendment freedoms or the definition of criminal conduct may be declared unconstitutionally vague 'only if a

person of ordinary intelligence, exercising common sense, can derive no rule or standard at all from the statute's language.' *Friday v. Ethanol Corp.,* 539 So.2d 208, 213 (Ala.1988)." *State v. Blake,* 642 So.2d 959, 962 (Ala.1994). Section 15-22-26 is a typical parole statute that gives the parole board total discretion in the granting of paroles. *Tedder v. Alabama Bd. of Pardons & Paroles,* 677 So.2d 1261, 1263 (Ala.Crim.App.), cert. denied, 518 U.S. 1008, 116 S.Ct. 2531, 135 L.Ed.2d 1054 (1996); see also *Thomas v. Sellers,* 691 F.2d 487, 488-89 (11th Cir.1982). Because the statute provides that parole may be granted at the board's discretion, it does not confer a liberty interest in parole that is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. E.g., *Tedder,* 677 So.2d at 1263. The discretion granted to the parole board by § 15-22-26 does not, however, make the statute vague; rather, it gives the board the authority to consider each parole application individually. Section 15-22-26, Ala.Code 1975, is not unconstitutionally vague on its face or as it is administered by the board; Thompson's contentions are meritless. The judgment of the circuit court is affirmed.

The Alabama Supreme Court, in *Thompson v. Board of Pardons and Paroles, 806 So.2d 374 (Ala. 2001),* ruled that *Ala. Code §15-22-26* is constitutional, **_not_** vague.

*Ala. Code §15-22-26* is concerned with a standard of conduct for guiding the *discretion* of members of the parole board.

"We have stressed in the past that absent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not

be interfered with by the Federal courts. <u>United States v. Norton, 539 F.2d 1082 (5th Cir. 1976)</u>; <u>Scarpa v. United States Board of Parole, 477 F.2d 278 (5th Cir. 1973)</u>; <u>Tarlton v. Clark, 441 F.2d 384 (5th Cir. 1971)</u>; <u>Thompkins v. United States Board of Parole, 427 F.2d 222 (5th Cir. 1970)</u>."  Quoted from *Thomas v. Sellers, 691 F.2d 487 (11th Cir. 1982)*.

In this case, Defendants Williams, Weatherly and Longshore have taken no action in relation to the 1999 or 2002 claims.  They only took action on August 11, 2005.

Broach fails to state a claim for which relief can be granted, as Defendants Williams, Weatherly and Longshore have taken no action in relation to the 1999 parole hearing, only the August 11, 2005 parole hearing.

## Conclusion

Broach makes numerous claims that the ***Board*** violated his rights.  The Board of Pardons and Paroles is not a party to this action.  The Board is not a person acting under the color of state law for purposes of §1983 liability.

The Board of Pardons & Paroles is an agency of the State of Alabama and is absolutely immune from suit.

The Board enjoys Eleventh Amendment immunity from suit.

Defendants Segrest, Dillard, Cook, Williams, Weatherly and Longshore are entitled to Eleventh Amendment immunity in their official capacities.

Defendants Segrest, Dillard, Cook, Williams, Weatherly and Longshore are also entitled to qualified immunity. *See Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed2d 396 (1982) and Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987).*

The complaint fails to show ***any*** actions taken by Defendants Segrest, Dillard or Cook that violate Broach's federally protected constitutional rights, much less conduct that violates clearly established statutory or constitutional rights of which a reasonable person would have known. Broach fails state a claim for which relief can be granted against Defendants Segrest, Dillard and Cook.

Broach also fails to show where *Defendants Williams, Weatherly and Longshore*, in exercising their

34

discretion, engaged in conduct that violates clearly established statutory or constitutional rights of which a reasonable person would have known. Broach also fails to show where Defendants Williams, Weatherly and Longshore exceeded their discretionary decision-making authority.

Defendants Williams, Weatherly, and Longshore, the individual Board Members, enjoy "absolute" immunity. *See also Pate v. Alabama Bd. of Pardons and Paroles, 409 F.Supp. 478 (M.D.Ala. 1976), aff'd, 548 F.2d 354 (5th Cir.(Ala.) Feb 24, 1977)* [5]

For purposes of 42 U.S.C. §1983, Broach fails to prove that Defendants Segrest, Dillard, Cook, Williams, Weatherly or Longshore violated his federally protected constitutional rights, a prerequisite to a §1983 action. *Absent a federally protected constitutional violation, there is no §1983 action.*

The claims that relate to Broach's September 15, 1999 parole hearing and his September 2002 tentative

_____

[5] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (in banc), the court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

parole consideration are barred by the doctrine of laches and the statute of limitations.

Defendants Williams, Weatherly and Longshore could not have violated Broach's federally protected constitutional rights in 1999, as they were not on the Board at that time. Defendants Williams, Weatherly and Longshore voted to deny Broach parole on August 11, 2005, where they reset him for further tentative parole consideration in August 2007, well within the ambits of the Board's current *Rules.* Broach fails to state a claim for which relief can be granted.

Broach lacks standing to bring suit on behalf of hundreds of inmates in Alabama State prisons that he alleges have been held in custody past their parole eligibility date.

The law is well settled in that the Board does not have to give reasons for the denial of parole, only for the grant of parole. *Tedder v. Alabama Bd. of Pardons & Paroles, 677 So.2d 1261, 1263 (Ala.Crim.App.), cert. denied, 518 U.S. 1008, 116 S.Ct. 2531, 135 L.Ed.2d 1054 (1996)*

The mere expectation of parole is not a protected liberty interest protected by the U.S. Constitution. As stated above, an inmate does not have a liberty interest in being paroled. However, once released on parole a liberty interest attaches and the parolee's freedom may only be taken away after affording the parolee due process, *Morrissey v. Brewer,* 408 U.S. 471, (1972). *See* also *Jago v. Van Curen,* 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13 (1980).  Broach was never released on parole, thus the due process requirements of *Morrissey, supra,* do not apply to him.

Broach does not enjoy a right to parole.  Broach is not entitled to due process of law during the parole consideration process or in relation to being reset for further tentative parole consideration.

Alabama law confers on this Board, a non-party to this action, "total" discretion, once its jurisdiction properly attaches, to determine what prisoners may be released on parole and when, Ala. Code §15-22-24(a). *See Thompson v. Board of Pardons & Paroles, 806 So.2d 374 (Ala. 2001).*

One individual Board Member's actions cannot

constitute the official transactions of the Board. It takes two Board Members to transact the business of the Board.

The Board, as an entity, (a non-party to this action) has the statutory authority, in open public meeting, to decide which prisoners may be released on parole and when, not the individual Board Members acting individually.

The Eighth Amendment prohibition against Cruel and Unusual Punishment does not apply to the decisions of the Board, as this prohibition deals with "excessive punishment". Defendants do not have the statutory authority to sentence Broach *or* to alter his current sentence. Defendants took no action to violate his Eighth Amendment rights, as they were not on the Board in 1999, the time-frame that is the gist of Broach's complaint.

Broach fails to state a claim for which relief can be granted in relation to his 2005 parole hearing.

The Board's *Rules, Regulations, and Operating Procedures* do not increase a prisoner's prison

sentence. See *Garner vs. Jones, 120 S.Ct. 1362 (2000)* and *Jones v. Ray, 279 F.3d 944 (11th Cir. 2001)*.

Broach fails to show where **any** individual Board Member acted arbitrary, capricious, abusive, discriminatory, and in a vindictive manner under the color of law.  Defendants Williams, Weatherly and Longshore were not on the Board in 1999 and took no action to violate Broach's rights or to act arbitrary, capricious, abusive, discriminatory or vindictive. Broach fails to state a claim for which relief can be granted.

There has never been a statute conferring on Alabama prisoners the right to be considered for parole at any particular time.  (Emphasis Added).

Many prisoners misread §15-22-28(e), Ala. Code, as requiring parole consideration at one-third of the sentence or ten years, whichever is lesser.  The statute actually limits the Board's power to grant parole earlier than the time specified. An earlier grant requires the unanimous agreement of the Board.

Neither the Board's current *Rules, Regulations, and Operating Procedures,* **Exhibit D,** nor the Board's

*Rules, Regulations and Procedures of the Board of Pardons and Paroles*, in effect in 1999, ***Exhibit C***, create a liberty interest in being considered for parole at *any* particular time.  Both Rules deal with ***resetting*** a prisoner for further ***tentative*** parole consideration.

It is well settled-law that Ala. Code §15-22-26 (1975) is not vague and ambiguous.

Broach fails to state a claim for which relief can be granted against the defendants in this case.

This action is due to be dismissed with prejudice.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL
KIN 047


GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026


s/DANA L. PITTMAN
ASSISTANT ATTORNEY GENERAL
STATE BAR#:  ASB-7192-A57P
ALA. BD. OF PARDONS & PAROLES
P.O. BOX 302405
MONTGOMERY, AL  36130
TELEPHONE: (334)242-8700
FAX: (334)353-4423
Dana.Pittman@paroles.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 5-23-06, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> **TONY BROACH**
> **AIS# 136351**
> **FOUNTAIN CF**
> **3800 FOUNTAIN**
> **ATMORE, AL  36503**

Done this 23th day of May, 2006.

Respectfully submitted,

s/DANA L. PITTMAN
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-7192-A57P
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Dana.Pittman@paroles.alabama.gov