RULES, REGULATIONS AND PROCEDURES

OF

THE BOARD OF PARDONS AND PAROLES

CHAPTER 640-X-1

ORGANIZATION

TABLE OF CONTENTS

640-X-1-.01 – Statutory Authority

640-X-1-.02 – Departmental Administration

640-X-1-.03 – Executive Seal

Revised 2/10/86



EXHIBIT

C

RULES, REGULATIONS AND PROCEDURES

OF

THE BOARD OF PARDONS AND PAROLES

CHAPTER 640-X-2

BOARD ACTION IN GRANTING, DENIAL AND SUPERVISION

OF PAROLES, PARDONS, RESTORATION OF CIVIL AND

POLITICAL RIGHTS, REMISSION OF FINES AND FORFEI-

TURES, AND INVESTIGATIONS AND SUPERVISION OF

PROBATIONERS

## TABLE OF CONTENTS

640-X-2.01 - Interstate Compact Services

640-X-2.02 - Scheduling Cases for Parole Consideration

640-X-2.03 - Pre-Parole Inmate Interview

640-X-2.04 - Public Notice of Pending Parole Consideration

640-X-2.05 - Preliminary Review of Docket Cases

640-X-2.06 - Notice of Pending Parole Consideration

640-X-2.07 - Protests

640-X-2.08 - Public Meeting

640-X-2.09 - Board Action to Grant or Deny Parole

640-X-2.10 - Statement of Conditions Under Which Parole is Granted

640-X-2.11 - Conditional Transfer

640-X-2.12 - Parole Violations

640-X-2.13 - Rules for Eligibility for Pardon and Restoration of
              Civil and Political Rights

640-X-2.14 - Eligibility for Remission of Fines and Forfeitures

640-X-2.15 - Petition for Adoption of Rules

640-X-1-.01 - <u>Statutory Authority</u>.  The State Board of Pardons and Paroles, hereafter referred to as the Board, exists and functions by authority of Title 15, Chapter 22, Code of Alabama 1975 as amended.  The Board is composed of three members, who are appointed by the governor for terms of six years each.  The public may obtain information and make submissions or requests at the Central Office of the Board at 750 Washington Avenue, Suite 312, Montgomery, Alabama 36130.

640-X-1-.02 - <u>Departmental Administration</u>.  Authority and responsibility for organization and administration of the Department, in accordance with the law and duly established policies of the Board, is vested in the Executive Director.

640-X-1-.03 - <u>Executive Seal</u>.  All official orders of the Board granting paroles, pardons, and/or restorations of civil and political rights, remissions of fines and forfeitures, and conditional transfers of prisoners shall be certified by the Executive Director and sealed with a seal heretofore adopted and published.  In the absence of the Executive Director, such certification shall be by his designee or by a member of the Board.

640-X-2-.01 - <u>Interstate Compact Services</u>.

(1)  Persons on parole or probation may be transferred under supervision to another state provided they are a resident of that state and have a home and employment approved by the Compact Administrator in the receiving state.  If they are not residents of the other state, they may be transferred if they have a home and employment plan approved by the Compact Administrator and the other state consents to the transfer.

(2)  The Board provides supervision to compact cases from other states under the provisions listed above.

(3)  Application for Compact Services is made to the probation/parole authority where the individual was sentenced.  Application forms for requesting compact services are available at the office of the Board.

640-X-2-.02 - <u>Scheduling Cases for Parole Consideration</u>.

(1)  As soon as practical after a prisoner is sentenced to prison, the Board causes a file to be prepared on the case.  When complete, the Board members or their designee study the file and set a parole calendar date.  This parole calendar date is for initial parole consideration and is not a presumptive parole date.

(2)  On cases involving crimes committed before May 19, 1980, the parole calendar date is set at one-third of the prison term or ten years,[1]

---

[1]Alabama statutes provide that earned incentive good time apply to time calculations for determining the time at which majority vote parole may issue.  The Board also applies this credit in establishing a parole calendar date.

whichever is less.  In cases involving multiple convictions, the parole calendar date is set at one-third or ten years of the total term, which-ever is less, or at one-third or ten years, whichever is less, of an individual sentence or combination of sentences whichever results in the latest parole calendar date.  This calculation also determines the time at which majority vote parole may issue.

(3)  On cases involving crimes committed on or after May 19, 1980, the Board uses guidelines in establishing the initial parole calendar date. The guidelines take into account past criminal record, pattern and nature (severity) of present offense, and the community attitude toward the of-fender.  Unless the Board determines that the guidelines should not apply, calendar dates will be set as follows:

(a)  If sentence is of ten years or more – and the offense is of a particularly heinous nature or the present offense is of a violent nature and his previous behavior indicates a high risk potential for future violence – case shall be set on the maximum scale.

(b)  Inmates serving their third or more separate  prison term and members of organized crime or large scale drug transporting and sales operations are designated career criminals.  The parole calendar date in career criminal cases shall be set on a case by case basis at a date between one-third and one-half of the total term as determined by the Board upon the recommendation of a senior staff officer in the Central Office.

(c) Other cases will be set in accordance with the guideline rating in Section III of the parole review worksheet and the scale for parole calendar dates. A copy of each document is included in Chapter 640-X-3 of this Administrative Code.

(4) In multiple cases where more than one parole review worksheet is completed, the calendar date which occurs later in time is applied.

(5) A parole review worksheet shall be completed in each case by the field parole officer immediately after he completes the investigation of a case. This worksheet is reviewed by a senior staff officer in the Central Office for consistency and appropriateness and for a final evaluation.

(6) If an inmate has multiple convictions and one or more of the offenses occurred before May 19, 1980, and one or more of the offenses occurred on or after May 19, 1980, his parole calendar date will be determined by the guidelines. If he receives incentive good time credit, such credit will be applied if it results in an earlier parole calendar date.

(7) Any credit on a sentence shall be considered in determining a parole calendar date if provided by law.

(8) A parole calendar date may be changed by order of the Board. No calendar date will be scheduled prior to service of one-third of the term or ten years for total terms of ten years or more except by unanimous action of the Board. When an inmate is denied

parole, the Board will determine when his case is to be reset but in no event shall it be reset for more than three years from the date of the denial.

(9)  Exceptions

(a)  No parole calendar date is established on cases barred from parole.

(b)  Calendar dates on cases required by statute to serve a mandatory minimum term are set consistent with the provisions of the statute.

(c)  Persons serving split sentences pursuant to Section 15-18-8, Code of Alabama 1975 as amended and also serving another term will not be set for parole consideration prior to actual service of a period of time equal to the term ordered served in the split sentence case.

(d)  A person sentenced pursuant to Section 15-18-8, Code of Alabama 1975 as amended and whose probation is subsequently revoked will be set for initial parole consideration on the basis of the remainder of the sentence to be served, excluding the original incarceration term of the split sentence.

(e)  Prisoners placed by the court in a local work release program will not be scheduled for parole consideration in order that the sentencing court may determine early release dates in such work release programs.

(f)  When an inmate has already served sufficient time to be eligible for parole consideration at the time the Board receives sentencing data from the Board of Corrections, the case shall be placed on the first docket occurring after forty-five (45) days from the date sentencing data is received by the Board.

640-X-2-.03 – Pre-Parole Inmate Interview.  Pre-parole personal interviews with prisoners being considered for parole will be conducted by an agent of the Board who will then submit a written report to the Board of his findings and evaluations.

640-X-2-.04 – Public Notice of Pending Parole Consideration. News media shall have access to weekly information regarding pending parole consideration thirty (30) days in advance of the Board's pending dockets.  The information shall include the prisoner's name, prison number, sentence, and offense for which convicted as well as other pertinent information.

640-X-2-.05 – Preliminary Review of Docket Cases.  Members of the Board will conduct individual study and review of each case prior to its parole consideration docket date. Each member will prepare a file review worksheet when he reviews a file for this purpose.

640-X-2-.06 - <u>Notices of Pending Parole Consideration</u>.

Notices of pending parole consideration will be sent as required by Act No. 83-750, Regular Session, 1983, of the Alabama Legislature.


640-X-2-.07 - <u>Protests</u>.  Any person wishing to protest parole may do so in person or in writing, stating the reasons therefor, and may submit supporting data.  Such protest may be made at any time after sentence to imprisonment.  It will be placed in the files of the Board for consideration when the case is before the Board for action.


640-X-2-.08 - <u>Public Meeting</u>.  The Board will convene each Monday for Public Meeting for cases theretofore docketed and set for consideration and other cases where additional information is to be presented.  When Monday falls on a State holiday, the next working day will be Public Meeting.  The Board will convene Public Meeting at 9:00 a.m. for the purpose of considering and acting on its weekly dockets and for interviews with the general public.  Persons wishing to see the Board about a case may do so without appointment on that day at Public Meeting.  Appearances at Public Meeting are not necessary to ensure a careful and complete review of any case before the Board.  Appointments with attorneys will be scheduled on  Tuesday of each week.

640-X-2-.09 - <u>Board Action to Grant or Deny Parole</u>.

(1)  The Board's formal action to grant or deny parole
will be taken in the Public Meeting convened to consider
the docket on which that case appears.

(2)  If all statutory provisions have been met, parole
will issue within two weeks.

(3)  If majority vote parole may be granted within
sixty (60) days and the Board's vote is split two to one
in favor of parole, such vote shall constitute an order
to parole at such time as parole may issue.

(4)  If a unanimous vote is required to parole and
only two Board members are present, the case will be
continued unless both members present vote to deny parole.

(5)  If majority vote parole may not issue within sixty
(60) days and the Board's vote is split two to one in
favor of parole, such action shall constitute a denial
of parole and a reset of the case to the first Public
Meeting following the date on which majority vote parole
may issue.

(6)  When the Board's vote is to deny parole, a notice
of this action will be mailed to the inmate within three
working days.

(7)  <u>Exceptions</u>

(a)  The Board's Executive Director is authorized to
postpone execution of any order to parole for a period
up to ten (10) days if new relevant information is received
which indicates that such release is incompatible with the
welfare of society.  Such information may include, but is
not limited to, prison disciplinaries, changes in time
computation, and protests.  When the execution of an order
to parole is postponed, the Executive Director shall present
the case to the Board for reconsideration within three
working days from the date of such postponement.

(b)  If no parole plan has been submitted and approved
by the Board or its designee at the time a parole is
ordered, parole will not issue until an approved plan is
submitted.  If such a plan is not submitted within sixty
(60) days from the date of the order to parole, the case
will be returned to the Board for reconsideration on the
first Public Meeting following.

640-X-2-.10 – <u>Statement of Conditions Under Which Parole is Granted</u>. It is the order of the Board that the following shall be the Conditions under which parole is granted. The Board may specify such other Conditions as it deems necessary. This Certificate of Parole shall not become operative until the following Conditions are agreed to by the prisoner, and violation of any of the Conditions may result in revocation of parole.

(a)  I shall report immediately to the Parole Officer under whose supervision I am paroled by personal visit.

(b)  I shall not change my residence or employment or leave the State without first getting the consent of my Parole Officer.

(c)  I shall, between the first and third days of each month, until my release from parole, make a full and truthful report to my Parole Officer in writing.

(d)  I shall not use narcotic drugs, or frequent places where intoxicants or drugs are sold, dispensed, or used unlawfully.

(e)  I shall avoid injurious habits and shall not associate with persons of bad reputation or harmful character.

(f)  I shall in all respects conduct myself honorably, work diligently at a lawful occupation, and support my dependents to the best of my ability.

(g)  I shall not violate any law.


(h)  I hereby waive all extradition rights and process and
agree to return when the State Board of Pardons and Paroles
directs at any time before my release from parole.


(i)  I shall promptly and truthfully answer all inquiries
directed to me by the State Board of Pardons and Paroles and
my Parole Officer and allow that Officer to visit me at my
home, employment site, or elsewhere, and carry out all
instructions my Parole Officer gives.


(j)  If at any time it becomes necessary to communicate with
my Parole Officer for any purpose and that Officer is not
available, I shall contact the State Board of Pardons and
Paroles.


(k)  I shall not marry without first seeking the advice and
counsel of my Parole Officer.


(l)  Immediately upon release from the service of sentence in
_____ and if prior to _____,
I will report directly to the State Board of Pardons and Paroles,
750 Washington Avenue, Montgomery, Al 36130, either by telephone,
correspondence or in person.


(m)  I shall pay supervision fee monthly to the State Board
of Pardons and Paroles as required by law.

(n)  I shall not own, possess or have under my control a firearm or ammunition of any kind, nor any other deadly weapon or dangerous instrument as defined by Alabama law.

(o)  I shall participate in alcoholic, drug treatment, or other therapeutic programs when instructed to do so by my Parole Officer.

(p)  I shall pay $_____ Restitution as ordered by the sentencing court or the State Board of Pardons and Paroles.

640-X-2-.11 - <u>Conditional Transfer</u>.

(1)  The Board may conditionally transfer a prisoner to the author- ities of the Federal Government or any other jurisdiction entitled to custody to answer pending charges or begin serving a sentence in re- sponse to a properly filed detainer from the other jurisdiction.

(2)  Conditional transfer cases will be placed (set) on an approp- riate open public meeting docket by affirmative action of two Board members.

(3)  Thirty (30) days notice of consideration for conditional transfer will be given to the Judge, District Attorney, and Sheriff of the county of conviction before Board action on such cases.

(4)  Before a conditional transfer order is executed, confirmation

must be received that the jurisdiction filing the detainer will assume custody and will agree to return the inmate, when the detainer is satisfied, to the Alabama prison system at the Board's option.

(5)  The case will be placed on the appropriate docket for the Board action in an open public meeting of the Board.

(6)  A Certificate of Conditional Transfer will be issued and routed to appropriate authorities upon affirmative action by two members of the Board in said open public meeting.

(7)  When evidence presented reflects a critical need to expedite transfer of a prisoner or prisoners, the rules for conditional transfer may be suspended by unanimous affirmative action of the Board.

640-X-2-.12 – Parole Violations.

(1)  On receipt of a Parole Violation Report and/or other official notice of parole violation, the Executive Director should report such facts to the Board of Corrections and instruct them to issue a warrant for the retaking of such prisoner.  Such cases will be presented to the Board at its next scheduled meeting and where appropriate the Board will declare the prisoner to be delinquent.

(2)  The parolee is given an opportunity for a preliminary, on-site revocation hearing for the purpose of establishing probable cause.

(3) If preliminary hearing is waived or probable cause is found, he is granted a hearing by one member of the Board. This hearing is scheduled as soon as practicable at Kilby Correctional Center or other places of confinement. A report of the hearing is then considered by the Board in an open public meeting and the Board acts to either reinstate or to revoke parole. In the event parole is revoked, the Board determines at that time if and when the inmate shall have further parole consideration.

(4) The Board, in addition to or in lieu of other actions, may forfeit good time consequent to a parole violation on cases involving an offense committed prior to May 19, 1980.

640-X-2.13 - Rules for Eligibility for Pardon and Restoration of Civil and Political Rights.

(1) Restoration of Civil and Political Rights are considered by the Board upon application filed with the Board in duplicate. Forms to be used for this purpose may be obtained from the offices of the Board. When an application is made, if the applicant is found to be eligible under the law and rules of the Board, an investigation of the case is ordered.

(2) No applicant for Pardon and/or Restoration of Civil and Political Rights shall be considered by the Board until after the expiration of five years from date of release on parole except where the maximum sentence has expired. Persons who have completed parole or probation or who have served a penitentiary or jail sentence for an offense which takes away Civil and Political Rights may be considered for pardon and/or restoration after two years from the termination of the sentence or from the termination of parole or probation.

(3) Persons who are assessed a fine, but are given no hard labor or jail sentence for an offense which takes away their Civil and Political Rights may be considered for the pardon and/or restoration of said rights after two years from the date of the payment of the fine.

(4)  Applicants who are denied Pardon and/or Restoration of
Civil and Political Rights may reapply after one year from the
date of the denial.

(5)  Restrictions on eligibility for consideration for pardon
shall not apply in cases in which it is clearly established from
evidence which was not available at the trial that the defendant
was wrongfully convicted.

(6)  The Board by unanimous vote for good cause shown, may
waive the waiting period where the sentence has expired.

(7)  Applications for Pardon and/or Restoration of Civil and
Political Rights will be assembled for the Board's review when
all required file material is received in the Central Office.
The Board members will independently review such files and
indicate favorable or unfavorable impression on said initial
screening.  Such cases will then be scheduled for the proper
docket for Board action in an open public meeting after re-
quired notices of pending action are given.

(8)  The Board will not act to grant or deny disabilities
caused by the Federal Gun Control Act of 1968.  The remedy
for such disabilities is found in Title 18, Section 925,
United States Code.

640-X-2-.14 - Rules for Eligibility for Remission of Fines
              and Forfeitures.

(1)  The Remission of Fines and Forfeitures will be considered
by the Board only upon application filed with the Board in
duplicate.  Forms for Remission of Forfeiture may be obtained
from the Board of Pardons and Paroles upon request.

(2)  Application for Remission of Fine may be made to the
Board by letter listing the offense, the date of conviction,

the amount of the fine, the court in which the fine was assessed, and the reasons for the application.  Upon receipt of the application, an investigation is conducted.

(3)  Applications for Remission of Fine and Forfeiture will be assembled for the Board's review when all required file material is received in the Central Office.  The Board members will independently review such files and indicate favorable or unfavorable impression on said initial screening.

(4)  Such cases will then be scheduled for the proper docket for Board action in an open public meeting after required notices of pending action are given.

640-X-2-.15 - <u>Petition for Adoption of Rules</u>.  Any person wishing to petition the Board for the adoption, amendment or repeal of a rule, and the procedure for submission, consideration and disposition thereof, should write the Board setting out the details of the petition.  This petition should be mailed to the Board at 750 Washington Avenue, Suite 312, Montgomery, AL 36130.

RULES, REGULATIONS AND PROCEDURES

OF

THE BOARD OF PARDONS AND PAROLES

CHAPTER 640-X-3

FORMS AND INSTRUCTIONS USED BY THE BOARD OF PARDONS
AND PAROLES IN GRANTING, DENIAL AND SUPERVISION OF
PAROLES, PARDONS, RESTORATION OF CIVIL AND POLITICAL
RIGHTS, REMISSION OF FINES AND FORFEITURES, AND IN-
VESTIGATIONS AND SUPERVISION OF PROBATIONERS WHICH
ARE APPLICABLE TO THE PUBLIC

## TABLE OF CONTENTS

640-X-3-.01 – Application for Compact Services

640-X-3-.02 – Parole Review Worksheet

640-X-3-.03 – Scale for Parole Calendar Dates

640-X-3-.04 – Interview/File Review Worksheet

640-X-3-.05 – Victim Request or Waiver of Notice

640-X-3-.06 – Action by Board

640-X-3-.07 – Certificate of Parole

640-X-3-.08 – Report of Parole Violation

640-X-3-.09 – On-Site Hearing/Forfeiture of Good Time

640-X-3-.10 – Application for Pardon and/or Restoration of Civil and
              Political Rights

640-X-3-.11 – Application for Remission of Fines and Forfeitures

640-X-3-.01 – <u>Application for Compact Services</u>.  This form is to be used by a parolee or a probationer who wants to live and work in another state and be supervised by that state under the Interstate Compact, Title 15, Chapter 22, Section 1, Code of Alabama 1975 as amended.  A copy of this form is attached.

PAROLE AND PROBATION FORM

APPLICATION FOR COMPACT SERVICES

TO: _____

    I, _____. hereby apply for supervision as a parolee or probationer pursuant to the Interstate Compact for the Supervision of Parolees and Probationers. I understand that the very fact that supervision will be in another state makes it likely that there will be certain differences between the supervision I would receive in this state and the supervision which I will receive in any state to which I am asking to go. However, I urge the authorities to whom this application is made, and all other judicial and administrative authorities, to recognize that supervision in another state, if granted as requested in this application, will be a benefit to me and will improve my opportunities to make a good adjustment. In order to get the advantages of supervision under the Interstate Compact for the Supervision of Parolees and Probationers, I do hereby accept such differences in the course and character of supervision as may be provided, and I do state that I consider the benefits of supervision under the Compact to be worth any adjustments in my situation which may be occasioned.

    In view of the above, I do hereby apply for permission to be supervised on (parole) (probation) in _____, for the following reasons:

    I (have read the above) (have had the above read and explained to me), and I understand its meaning and agree thereto.

Signature _____

Witnessed by _____

Date _____

640-X-3-.02 - <u>Parole Review Worksheet</u>. This form is completed by the field parole officer at the time he investigates a case to aid in evaluation for parole consideration. A copy of this form is attached.

# PAROLE REVIEW WORKSHEET

AIS # _____

NAME _____   COURT # _____

I.  If sentence is of ten years or more — and (a) offense is of a particularly heinous nature or (b) present offense is of a violent nature and his previous behavior indicates a high risk potential for future violence — case should be set on the maximum scale.

P. O. Recommends Maximum Scale (     )

II.  If case fits the following it should be set as a Career Criminal:

(A)  Serving third or more separate prison term.

(B)  Members of organized crime or large scale drug transporting and sales operations.

P. O. Recommends Set as Career Criminal (     )

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III.  If subject did not fall into I or II above, complete the following: (circle applicable number)
     (Desired criteria indicated by smallest numbers)

| | | | | | | |
|---|---|---|---|---|---|---|
| (A) | Past criminal record | 1 | 2 | 3 | 4 | 5 |
| (B) | Pattern and nature (severity) of present offense | 1 | 2 | 3 | 4 | 5 |
| (C) | Community attitude toward offender | 1 | 2 | 3 | 4 | 5 |

P. O. Recommends Setting of (     )

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IV.  Complete for all cases, yes or no.
     (Desired criteria indicated by negative responses)

| | | Yes | No |
|---|---|---|---|
| (D) | History of drug or alcohol abuse | (  ) | (  ) |
| (E) | On parole at time of commission of present offense | (  ) | (  ) |
| (F) | Prior failure on probation or parole | (  ) | (  ) |
| (G) | Unacceptable employment history | (  ) | (  ) |
| (H) | Unstable marital status | (  ) | (  ) |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

V.  (     )  I recommend that guidelines not be used in this case.

Explain:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VI.  Remarks:

Signed and dated at _____, Alabama, the _____ day of _____, 19 _____

PBF 118
(Rev. 4-86)                    OFFICER _____

640-X-3-.03 – <u>Scale for Parole Calendar Dates</u>. This scale establishes the time to be served prior to initial parole consideration on guideline cases. A copy of this form is attached.

## SCALE FOR PAROLE CALENDAR DATES

| Length of sentence | Time in Months and Days for each step | | | | | Maximum Scale* |
|---|---|---|---|---|---|---|
| | **1** | **2** | **3** | **4** | **5** | |
| 1 yr. 1 da. | | | | | | |
| 18 months | 4 | 4-15 | 5 | 5-15 | 6 | |
| 19 months | 4-5 | 4-22 | 5-8 | 5-24 | 6-10 | |
| 20 months | 4-10 | 4-28 | 5-15 | 6-3 | 6-20 | |
| 21 months | 4-15 | 5-4 | 5-23 | 6-12 | 7 | |
| 22 months | 4-20 | 5-10 | 6 | 6-20 | 7-10 | |
| 23 months | 4-25 | 5-16 | 6-8 | 6-29 | 7-20 | |
| 2 years | 5 | 5-23 | 6-15 | 7-8 | 8 | |
| 25 months | 5-3 | 5-28 | 6-22 | 7-16 | 8-10 | |
| 26 months | 5-6 | 6-2 | 6-28 | 7-24 | 8-20 | |
| 27 months | 5-8 | 6-6 | 7-4 | 8-2 | 9 | |
| 28 months | 5-10 | 6-10 | 7-10 | 8-10 | 9-10 | |
| 29 months | 5-12 | 6-14 | 7-16 | 8-18 | 9-20 | |
| 30 months | 5-15 | 6-19 | 7-23 | 8-27 | 10 | |
| 31 months | 5-18 | 6-24 | 8 | 9-6 | 10-10 | |
| 32 months | 5-21 | 6-28 | 8-6 | 9-13 | 10-20 | |
| 33 months | 5-24 | 7-3 | 8-12 | 9-21 | 11 | |
| 34 months | 5-26 | 7-7 | 8-19 | 10 | 11-10 | |
| 35 months | 5-28 | 7-11 | 8-25 | 10-8 | 11-20 | |
| 3 years | 6 | 7-15 | 9 | 10-15 | 12 | |
| 37 months | 6-10 | 7-25 | 9-10 | 10-25 | 12-10 | |
| 38 months | 6-20 | 8-5 | 9-20 | 11-5 | 12-20 | |
| 39 months | 7 | 8-15 | 10 | 11-15 | 13 | |
| 40 months | 7-10 | 8-25 | 10-10 | 11-25 | 13-10 | |
| 41 months | 7-20 | 9-5 | 10-20 | 12-5 | 13-20 | |

2

| Length of Sentence | Time in Months and Days for each step | | | | | Maximum Scale* |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| 42 months | 8 | 9-15 | 11 | 12-15 | 14 | |
| 43 months | 8-10 | 9-25 | 11-10 | 12-25 | 14-10 | |
| 44 months | 8-20 | 10-5 | 11-20 | 13-5 | 14-20 | |
| 45 months | 9 | 10-15 | 12 | 13-15 | 15 | |
| 46 months | 9-10 | 10-25 | 12-10 | 13-25 | 15-10 | |
| 47 months | 9-20 | 11-5 | 12-20 | 14-5 | 15-20 | |
| 4 years | 10 | 11-15 | 13 | 14-15 | 16 | |
| 49 months | 10-5 | 11-21 | 13-8 | 14-24 | 16-10 | |
| 50 months | 10-10 | 11-27 | 13-15 | 15-3 | 16-20 | |
| 51 months | 10-15 | 12-4 | 13-23 | 15-12 | 17 | |
| 52 months | 10-20 | 12-10 | 14 | 15-20 | 17-10 | |
| 53 months | 10-25 | 12-16 | 14-8 | 15-29 | 17-20 | |
| 54 months | 11 | 12-22 | 14-15 | 16-8 | 18 | |
| 55 months | 11-5 | 12-29 | 14-23 | 16-17 | 18-10 | |
| 56 months | 11-10 | 13-5 | 15 | 16-25 | 18-20 | |
| 57 months | 11-15 | 13-11 | 15-8 | 17-4 | 19 | |
| 58 months | 11-20 | 13-18 | 15-15 | 17-13 | 19-10 | |
| 59 months | 11-25 | 13-24 | 15-23 | 17-22 | 19-20 | |
| 5 years | 12 | 14 | 16 | 18 | 20 | |
| 61 months | 12-10 | 14-10 | 16-10 | 18-10 | 20-10 | |
| 62 months | 12-20 | 14-20 | 16-20 | 18-20 | 20-20 | |
| 63 months | 13 | 15 | 17 | 19 | 21 | |
| 64 months | 13-10 | 15-10 | 17-10 | 19-10 | 21-10 | |
| 65 months | 13-20 | 15-20 | 17-20 | 19-20 | 21-20 | |
| 66 months | 14 | 16 | 18 | 20 | 22 | |

3

| Length of Sentence | Time in Months and Days for each step | | | | | Maximum Scale* |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| 67 months | 14-10 | 16-10 | 18-10 | 20-10 | 22-10 | |
| 68 months | 14-20 | 16-20 | 18-20 | 20-20 | 22-20 | |
| 69 months | 15 | 17 | 19 | 21 | 23 | |
| 70 months | 15-10 | 17-10 | 19-10 | 21-10 | 23-10 | |
| 71 months | 15-20 | 17-20 | 19-20 | 21-20 | 23-20 | |
| 6 years | 16 | 18 | 20 | 22 | 24 | |
| 73 months | 16-5 | 18-6 | 20-8 | 22-9 | 24-10 | |
| 74 months | 16-10 | 18-13 | 20-15 | 22-18 | 24-20 | |
| 75 months | 16-15 | 18-19 | 20-23 | 22-27 | 25 | |
| 76 months | 16-20 | 18-25 | 21 | 23-5 | 25-10 | |
| 77 months | 16-25 | 19-1 | 21-8 | 23-14 | 25-20 | |
| 78 months | 17 | 19-8 | 21-15 | 23-23 | 26 | |
| 79 months | 17-5 | 19-14 | 21-23 | 24-2 | 26-10 | |
| 80 months | 17-10 | 19-20 | 22 | 24-10 | 26-20 | |
| 81 months | 17-15 | 19-26 | 22-8 | 24-19 | 27 | |
| 82 months | 17-20 | 20-3 | 22-15 | 24-28 | 27-10 | |
| 83 months | 17-25 | 20-9 | 22-23 | 25-7 | 27-20 | |
| 7 years | 18 | 20-15 | 23 | 25-15 | 28 | |
| 85 months | 18-5 | 20-21 | 23-8 | 25-24 | 28-10 | |
| 86 months | 18-10 | 20-28 | 23-15 | 26-3 | 28-20 | |
| 87 months | 18-15 | 21-4 | 23-23 | 26-12 | 29 | |
| 88 months | 18-20 | 21-10 | 24 | 26-20 | 29-10 | |
| 89 months | 18-25 | 21-16 | 24-8 | 26-29 | 29-20 | |
| 90 months | 19 | 21-23 | 24-15 | 27-8 | 30 | |
| 91 months | 19-5 | 21-29 | 24-23 | 27-17 | 30-10 | |

4

| Length of Sentence | Time in Months and Days for each step | | | | | Maximum Scale* |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| 92 months | 19-10 | 22-5 | 25 | 27-25 | 30-20 | |
| 93 months | 19-15 | 22-11 | 25-8 | 28-4 | 31 | |
| 94 months | 19-20 | 22-18 | 25-15 | 28-13 | 31-10 | |
| 95 months | 19-25 | 22-24 | 25-23 | 28-22 | 31-20 | |
| 8 years | 20 | 23 | 26 | 29 | 32 | |
| 97 months | 20-5 | 23-6 | 26-8 | 29-9 | 32-10 | |
| 98 months | 20-10 | 23-13 | 26-15 | 29-18 | 32-20 | |
| 99 months | 20-15 | 23-19 | 26-23 | 29-27 | 33 | |
| 100 months | 20-20 | 23-25 | 27 | 30-5 | 33-10 | |
| 101 months | 20-25 | 24-1 | 27-8 | 30-14 | 33-20 | |
| 102 months | 21 | 24-8 | 27-15 | 30-23 | 34 | |
| 103 months | 21-5 | 24-14 | 27-23 | 31-2 | 34-10 | |
| 104 months | 21-10 | 24-20 | 28 | 31-10 | 34-20 | |
| 105 months | 21-15 | 24-26 | 28-8 | 31-19 | 35 | |
| 106 months | 21-20 | 25-3 | 28-15 | 31-28 | 35-10 | |
| 107 months | 21-25 | 25-9 | 28-23 | 32-7 | 35-20 | |
| 9 years | 22 | 25-15 | 29 | 32-15 | 36 | |
| 109 months | 22-5 | 25-21 | 29-8 | 32-24 | 36-10 | |
| 110 months | 22-10 | 25-28 | 29-15 | 33-3 | 36-20 | |
| 111 months | 22-15 | 26-4 | 29-23 | 33-12 | 37 | |
| 112 months | 22-20 | 26-10 | 30 | 33-20 | 37-10 | |
| 113 months | 22-25 | 26-16 | 30-8 | 33-29 | 37-20 | |
| 114 months | 23 | 26-23 | 30-15 | 34-8 | 38 | |
| 115 months | 23-5 | 26-29 | 30-23 | 34-17 | 38-10 | |
| 116 months | 23-10 | 27-5 | 31 | 34-25 | 38-20 | |

5

| Length of Sentence | Time in Months and Days for each step | | | | | Maximum Scale* |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| 117 months | 23-15 | 27-11 | 31-8 | 35-4 | 39 | |
| 118 months | 23-20 | 27-18 | 31-15 | 35-13 | 39-10 | |
| 119 months | 23-25 | 27-24 | 31-23 | 35-22 | 39-20 | |
| 10 years | 24 | 28 | 32 | 36 | 40 | 60 |
| 121 months | 24-5 | 28-6 | 32-8 | 36-9 | 40-10 | 60-15 |
| 122 months | 24-10 | 28-13 | 32-15 | 36-18 | 40-20 | 61 |
| 123 months | 24-15 | 28-19 | 32-23 | 36-27 | 41 | 61-15 |
| 124 months | 24-20 | 28-25 | 33 | 37-5 | 41-10 | 62 |
| 125 months | 24-25 | 29-1 | 33-8 | 37-14 | 41-20 | 62-15 |
| 126 months | 25 | 29-8 | 33-15 | 37-23 | 42 | 63 |
| 127 months | 25-5 | 29-14 | 33-23 | 38-2 | 42-10 | 63-15 |
| 128 months | 25-10 | 29-20 | 34 | 38-10 | 42-20 | 64 |
| 129 months | 25-15 | 29-26 | 34-8 | 38-19 | 43 | 64-15 |
| 130 months | 25-20 | 30-3 | 34-15 | 38-28 | 43-10 | 65 |
| 131 months | 25-25 | 30-9 | 34-23 | 39-7 | 43-20 | 65-15 |
| 11 years | 26 | 30-15 | 35 | 39-15 | 44 | 66 |
| 133 months | 26-5 | 30-21 | 35-8 | 39-24 | 44-10 | 66-15 |
| 134 months | 26-10 | 30-28 | 35-15 | 40-3 | 44-20 | 67 |
| 135 months | 26-15 | 31-4 | 35-23 | 40-12 | 45 | 67-15 |
| 136 months | 26-20 | 31-10 | 36 | 40-20 | 45-10 | 68 |
| 137 months | 26-25 | 31-16 | 36-8 | 40-29 | 45-20 | 68-15 |
| 138 months | 27 | 31-23 | 36-15 | 41-8 | 46 | 69 |
| 139 months | 27-5 | 31-29 | 36-23 | 41-17 | 46-10 | 69-15 |
| 140 months | 27-10 | 32-5 | 37 | 41-25 | 46-20 | 70 |
| 141 months | 27-15 | 32-11 | 37-8 | 42-5 | 47 | 70-15 |

6

| Length of Sentence | Time in Months and Days for each step | | | | | Maximum Scale* |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| 142 months | 27-20 | 32-18 | 37-15 | 42-13 | 47-10 | 71 |
| 143 months | 27-25 | 32-24 | 37-23 | 42-22 | 47-20 | 71-15 |
| 12 years | 28 | 33 | 38 | 43 | 48 | 72 |
| 12 yr. 6 mos. | 29 | 34-7 | 39-15 | 44-22 | 50 | 75 |
| 13 years | 30 | 35-15 | 41 | 46-15 | 52 | 78 |
| 13 yr. 6 mos. | 31 | 36-22 | 42-15 | 48-7 | 54 | 81 |
| 14 years | 32 | 38 | 44 | 50 | 56 | 84 |
| 14 yr. 6 mos. | 33 | 39-7 | 45-15 | 51-22 | 58 | 87 |
| 15 years | 34 | 40-15 | 47 | 53-15 | 60 | 90 |
| 15 yr. 6 mos. | 35 | 41-22 | 48-15 | 55-7 | 62 | 93 |
| 16 years | 36 | 43 | 50 | 57 | 64 | 96 |
| 16 yr. 6 mos. | 37 | 44-7 | 51-15 | 58-22 | 66 | 99 |
| 17 years | 38 | 45-15 | 53 | 60-15 | 68 | 102 |
| 17 yr. 6 mos. | 39 | 46-22 | 54-15 | 62-7 | 70 | 105 |
| 18 years | 40 | 48 | 56 | 64 | 72 | 108 |
| 18 yr. 6 mos. | 41 | 49-7 | 57-15 | 65-22 | 74 | 111 |
| 19 years | 42 | 50-15 | 59 | 67-15 | 76 | 114 |
| 19 yr. 6 mos. | 43 | 51-22 | 60-15 | 69-7 | 78 | 117 |
| 20 years | 44 | 53 | 62 | 71 | 80 | 120 |
| 20 yr. 6 mos. | 45 | 54-7 | 63-15 | 72-22 | 82 | 123 |
| 21 years | 46 | 55-15 | 65 | 74-15 | 84 | 126 |
| 21 yr. 6 mos. | 47 | 56-22 | 66-15 | 76-7 | 86 | 129 |
| 22 years | 48 | 58 | 68 | 78 | 88 | 132 |
| 22 yr. 6 mos. | 49 | 59-7 | 69-15 | 79-22 | 90 | 135 |
| 23 years | 50 | 60-15 | 71 | 81-15 | 92 | 138 |

7

| Length of Sentence | 1 | 2 | 3 | 4 | 5 | Maximum Scale* |
|---|---|---|---|---|---|---|
| 23 yr. 6 mos. | 51 | 61-22 | 72-15 | 83-7 | 94 | 141 |
| 24 years | 52 | 63 | 74 | 85 | 96 | 144 |
| 24 yr. 6 mos. | 53 | 64-7 | 75-15 | 86-22 | 98 | 147 |
| 25 years | 54 | 65-15 | 77 | 88-15 | 100 | 150 |
| 25 yr. 6 mos. | 55 | 66-22 | 78-15 | 90-7 | 102 | 153 |
| 26 years | 56 | 68 | 80 | 92 | 104 | 156 |
| 26 yr. 6 mos. | 57 | 69-7 | 81-15 | 93-22 | 106 | 159 |
| 27 years | 58 | 70-15 | 83 | 95-15 | 108 | 162 |
| 27 yr. 6 mos. | 59 | 71-22 | 84-15 | 97-7 | 110 | 165 |
| 28 years | 60 | 73 | 86 | 99 | 112 | 168 |
| 28 yr. 6 mos. | 61 | 74-7 | 87-15 | 100-22 | 114 | 171 |
| 29 years | 62 | 75-15 | 89 | 102-15 | 116 | 174 |
| 29 yr. 6 mos. | 63 | 76-22 | 90-15 | 104-7 | 118 | 177 |
| 30 years | 64 | 78 | 92 | 106 | 120 | 180 |

*Maximum scale to be used for cases where factors are present which indicate high potential for future violence or present offense was a heinous crime.

640-X-3-.04 - <u>Interview/File Review Worksheet</u>. This form is used by the Board when it is considering an inmate for parole. It has a checklist showing the reasons for favoring parole and the reasons for denial of parole and the reasons for not resetting for parole consideration. A copy of this form is attached.

## INTERVIEW/FILE REVIEW WORKSHEET

Inmate: _____ AIS # _____

Set _____ Personal Interview: Yes _____ No _____

### Reasons Favoring Parole

My reasons for favoring parole of the prisoner are as follows:

1. _____ Subject has served sufficient portion of sentence.
2. _____ Investigation has been made of subject.
3. _____ Subject's parole program is acceptable.
4. _____ Subject's interview was favorable.
5. _____ Prison Authority report is satisfactory.
6. _____ (State of) _____ accepts for supervision.
7. _____ I am of the opinion that there is a reasonable probability that if the prisoner is released, (he, she) will live and remain at liberty without violating the law, and that (his, her) release is not incompatible with the welfare of society.
8. _____ Interviewing Parole Officer recommends.
9. _____ _____

_____        _____
        Date                              Member

### Reasons Favoring Denial

My reasons for favoring Denial are as follows:

1. _____ Failure to adjust in prison.
2. _____ Failure to adjust on parole or probation.
3. _____ Protest.
4. _____ Prior record.
5. _____ Pending cases or holdovers.
6. _____ New conviction.
7. _____ Has not served enough time.
8. _____ Release would not be compatible with society's welfare.
9. _____ Protection of Society.
10. _____ On Escape.
11. _____ Attitude does not show evidence of rehabilitation.
12. _____ Prison authority does not recommend for parole.
13. _____ Nature of Offense.
14. _____ Other _____

My reasons for not re-setting for parole consideration:

1. _____ Only short time to serve.
2. _____ Same as above.
3. _____ Other _____

_____        _____
        Date                              Member

640-X-3-.05 - <u>Victim Request or Waiver of Notice</u>.  This form is for the victim to request a thirty (30) day notice or a waiver of notice to be given to them by the Board before considering a prisoner for pardon, parole, or restoration of civil and political rights.  A copy of this form is attached.

STATE BOARD OF PARDONS AND PAROLES

Montgomery, Alabama

VICTIM REQUEST OR WAIVER OF NOTICE

Inmate's Name _____ AIS # _____

I. _____   _____
                        name                              address

do hereby request ☐ waive ☐ 30 days written notice to be given to me by the Board of Pardons and

Paroles before considering the above-named prisoner for pardon, parole or restoration of civil and

political rights. I agree to give the Board of Pardons and Paroles written notice of any change in my

permanent mailing address. I understand that I may change this decision in the future by filing a

written statement to that effect with the Board of Pardons and Paroles.


_____      _____
Signature                             Date


_____      _____
Witness                               Date


PBF-119

640-X-3-.06 – <u>Action by Board</u>.  This form is used by the Board in taking action to grant, deny, or to continue to a future date, an inmate who is being considered for parole by the Board.  A copy of this form is attached.

# STATE BOARD OF PARDONS AND PAROLES
#### Montgomery, Alabama

### *ACTION BY THE BOARD*

NAME _____ COUNTY _____ NUMBER _____

DOCKET _____    1/3 _____

PAROLE IS THIS DAY ORDERED        PAROLE IS THIS DAY DENIED AND RESET FOR _____

DATE _____                      DATE _____
BY:                                BY:
                                                        RESET

___ _____    __ _____    _____

_____    _____    _____

_____    _____    _____

CONTINUED TO _____    DATE _____

SPECIAL CONDITIONS: _____

_____

_____

COURT ORDERED RESTITUTION: _____

_____

DATE OF PAROLE _____    PAROLE OFFICE _____

S.T. RELEASE DATE _____ _____ IGT REL. DATE _____ MAX. EXPIRATION _____

PROTESTS: _____

_____

_____

REMARKS: _____

_____

_____

_____

_____

_____

_____

CO FORM 501 (Rev. 6/82)

640-X-3-.07 - <u>Certificate of Parole</u>.  This form is given to an inmate when he or she is granted a parole.  It gives the reasons for the Board's action and contains the conditions of parole.  A copy of this form is attached.



**State Board of Pardons and Paroles**

Montgomery, Alabama

# Certificate of Parole

KNOW ALL MEN BY THESE PRESENTS:

It having been made to appear to the Alabama State Board of Pardons and Paroles that

_____

is eligible to be PAROLED, and that there is a reasonable probability that said prisoner WILL

REMAIN AT LIBERTY WITHOUT VIOLATING THE LAWS, and it being the opinion of the

said State Board of Pardons and Paroles that the release of this prisoner is not incompatible with

the welfare of society, and it appearing further that the Board is satisfied that this prisoner will

not become a public charge on release, but will be suitably employed at _____

_____

and will live at _____

and shall continue in the same until he obtains the permission of his Parole Officer to make a

change. He shall go directly to _____ and report immediately upon arrival to

his Parole Officer at _____

It is therefore ORDERED that said prisoner be, and is, hereby paroled pending good

behavior under supervision subject to the specific conditions of parole listed on the reverse side

of this Order.

In witness whereof this Certificate bearing the seal of the State Board of

Pardons and Paroles is issued this the _____ day of _____

19_____ .

By Order of:

STATE BOARD OF PARDONS AND PAROLES

_____

Executive Director

## STATEMENT OF CONDITIONS UNDER WHICH PAROLE IS GRANTED

This Certificate of Parole shall not become operative until the following Conditions are agreed to by the prisoner, and violation of any of these Conditions may result in revocation of Parole.

1. I shall report immediately to the Parole Officer under whose supervision I am paroled by personal visit.

2. I shall not change my residence or employment or leave the State without first getting the consent of my Parole Officer.

3. I shall, between the first and third days of each month, until my release from parole, make a full and truthful report to my Parole Officer in writing.

4. I shall not use narcotic drugs, or frequent places where intoxicants or drugs are sold, dispensed, or used unlawfully.

5. I shall avoid injurious habits and shall not associate with persons of bad reputation or harmful character.

6. I shall in all respects conduct myself honorably, work diligently at a lawful occupation, and support my dependents to the best of my ability.

7. I shall not violate any law.

8. I hereby waive all extradition rights and process and agree to return when the State Board of Pardons and Paroles directs at any time before my release from parole.

9. I shall promptly and truthfully answer all inquiries directed to me by the State Board of Pardons and Paroles and my Parole Officer and allow that Officer to visit me at my home, employment site or elsewhere, and carry out all instructions my Parole Officer gives.

10. If at any time it becomes necessary to communicate with my Parole Officer for any purpose and that Officer is not available, I shall contact the State Board of Pardons and Paroles.

11. I shall not marry without first seeking the advice and counsel of my Parole Officer.

12. Immediately upon release from the service of sentence in _____ and if prior to _____ , I will report directly to the State Board of Pardons and Paroles, 750 Washington Avenue, Montgomery, AL 36130, either by telephone, correspondence or in person.

13. I shall pay fifteen dollars ($15.00) per month to the State Board of Pardons and Paroles as required by law.

14. I shall not own, possess or have under my control a firearm or ammunition of any kind, nor any other deadly weapon or dangerous instrument as defined by Alabama law.

15. I shall participate in alcoholic, drug treatment, or other therapeutic programs when instructed to do so by my Parole Officer.

16. I shall pay $ _____ Restitution as ordered by the sentencing court or the State Board of Pardons and Paroles.


I hereby certify that this Statement of Conditions of Parole have been read and explained to the Parolee.

This _____ day _____ 19 _____        _____
                                                                    Signature of Parolee

_____              _____
Member of Board or Warden                            (Give full address at which you can be reached)

640-X-3-.08 – <u>Report of Parole Violation</u>.  This form is used by the parole and probation officer to report a violation of parole.  After completing the identifying information, the officer reports the violation of the parolee along with the information as to where the parolee can be located.  A copy of this form is attached.

STATE BOARD OF PARDONS AND PAROLES
Montgomery, Alabama

REPORT OF PAROLE VIOLATION

Date: _____

Field Office: _____

Name of Parolee _____ _____ No. _____

Race, Sex & Age _____County of Conviction _____

Offense _____ Sentence _____

Date Convicted _____ Date of Parole _____

Date Sentence Expires _____

If declared Delinquent, subject can be located at the following place: _____

P 3 Form No. 109

640-X-3-.09 - <u>On-Site Hearing/Forfeiture of Good Time</u>. This form gives to the parolee the violations of parole with which he is charged, and gives him the option of an on-site hearing or the right to waive such hearing. A copy of this form is attached.

**STATE OF ALABAMA**
**BOARD OF PARDONS AND PAROLES**
Montgomery, Alabama 3613,

Name                                              AIS Number
Address                                           Race & Sex
                                                  County of Conviction


IN RE   On-Site Hearing
        Forfeiture of Good Time

You are hereby notified that the following violations of parole have been placed against you:

| Condition of Parole | Date and charge | Disposition of Criminal Charges |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Under the law you are entitled to a hearing on these charges. If you wish you may be given a hearing by the Parole Board or its agent. You may waive this hearing and accept the action taken by the Parole Board. Please sign the appropriate form.

_____

I, _____           I, _____
hereby waive a hearing by the Parole Board or its agent.     after having been advised of the charges placed against me hereby request a hearing by the Parole Board or its agent in regard to these charges.

Date    Signature of Parolee          Date    Signature of Parolee

_____

This is to certify that I have this date advised the above named parolee of the charges contained herein and he has (waived a hearing), (requested a hearing)

Date    Field Probation and Parole Officer

_____

After careful consideration of these charges, it is the order of the Board that you be:

_____ (1) Continued on Parole without further delinquency action.

_____ (2) Continued on Parole and that you forfeit _____ months of your good time.

_____
Date    Assistant Director

cc:  Parolee
     Parole Supervisor
     Board of Corrections
     Central Office File

PBF 108

640-X-3-.10 - <u>Application for Pardon and/or Restoration of Civil and Political Rights</u>.  This form is used in applying for a pardon and/or restoration of civil and political rights.  In addition to identifying information, the form requests employment history and suggested references.  It also asks for the reason for the application.  A copy of the form is attached.

**STATE OF ALABAMA**
**BOARD OF PARDONS AND PAROLES**
Montgomery, Alabama

APPLICATION FOR PARDON AND·OR RESTORATION OF CIVIL AND POLITICAL RIGHTS

Name_____

Address_____Phone_____        Race
      Street         City     State      Zip Code

County of Conviction_____ Date of Conviction_____        Sex

Check the court of conviction — State_____ City_____ Federal_____        Age

Offense_____ Sentence_____ Prison_____ Probation_____        D.O.B.
                 (Term)

Plea: Guilty_____ Not Guilty_____ Nolo Contendere_____        Prison No.

Date and Method of Release_____

Date of Final Discharge_____ Date Last Voted_____
EMPLOYMENT HISTORY SINCE RELEASE (List in Chronological Order)

Name of Employer          Address       Dates
1.                                 From_____19___

                                 To_____19___
2.                                   From_____19___

                                   To_____19___
3.                                   From_____19___

                                   To_____19___

REFERENCES:_____
       Name                           Address

_____
       Name                           Address

_____
       Name                           Address

_____
       Name                           Address
(List other references on back of application)

Reason for Application_____
State other facts showing why restoration should be granted. (Participation in Civic, Church, Political, Family Life, Etc.)_____

_____

_____

_____

_____

_____
                                     Signature

Date_____

Note:   Application must be filed in duplicate
ca: 510

640-X-3-.11 - <u>Application for Remission of Forfeiture</u>.  This form is used in applying for the Remission of Forfeiture.  In addition to identifying information, a request for a certified copy of the bond is made, as well as the consideration for becoming surety.  A copy of this form is attached.

STATE BOARD OF PARDONS AND PAROLES

Montgomery, Alabama

APPLICATION FOR REMISSION OF FORFEITURE

1. _____
     Name of Defendant                            Address

2. _____
     Name of Surety                                Address

   _____
     Name of Surety                                Address

   _____
     Name of Surety                                Address

3. (a) _____
        Judge                                Solicitor

4. Attach certified copy of bond and certificate from Court Clerk showing the amount
   of forfeiture and costs of same.

5. _____
     Date of First Forfeiture                    Date Made Final

6. Final disposition of case including date of conviction, the offense, sentence, date
   of arrest, and if any prior bond. If undisposed of, so state. _____

   _____

7. What was consideration for your becoming surety?_____

   _____

8. State all other pertinent facts including reason for defendant's failure to appear,
   his whereabouts from date of bond to present, efforts made to locate and return
   him, expense incurred, names and addresses of persons who will verify information
   furnished, and other pertinent facts or mitigating circumstances showing why re-
   mission on forfeiture should be granted.

(Use reverse side if necessary)

                          _____
                                Signature of Applicant

IMPORTANT:
This application must be made in duplicate. The burden is upon applicant to state and
prove due diligence in producing defendant, and freedom from negligence on his part in
connection therewith. In the absence of such proof, application will be denied.

The above rules, regulations, and procedures, as required by the Alabama Administrative Procedure Act, were proposed by all three members of the Board.  All other rules, regulations, and procedures covered by the Alabama Administrative Procedure Act heretofore adopted by the Board are hereby repealed.


_Ealon M Lambert_
Ealon M. Lambert

_Jack C. Lufkin_
Jack C. Lufkin

_John T. Porter_
John T. Porter

This is to certify that each of the above listed rules, regulations, and procedures are hereby adopted by the Board this the 27th day of September, 1982.


_Ealon M Lambert_
Ealon M. Lambert

_Jack C. Lufkin_
Jack C. Lufkin

_John T. Porter_
John T. Porter