STATE OF ALABAMA )
)
MONTGOMERY COUNTY )

## AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **William C. Segrest,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **William C. Segrest.** I am currently employed as the Executive Director of the Alabama Board of Pardons and Paroles. In that capacity, among other duties, I am Custodian of the Records and supervise the Board's officers and administrative staff in carrying out the Board's policies.

The Board adopted its existing policies on 2-23-04. Please see the true and correct copy of the *Rules and Regulations* and Board Order adopting the Board's existing rules and regulations taken from the Board's website of http://www.pardons.state.al.us, labled Exhibit D of Defendant's Special Report.

Also, see the *Rules, Regulations and Procedures of the Alabama Board of Pardons and Paroles (Revised 2/10/86),* labeled Exhibit C of Defendant's Special Report.

I am not a member of the Board of Pardons and Paroles and do not have the decision-making authority in deciding which prisoners are granted or denied parole.

I have no decision-making authority in deciding when to reset a prisoner for further tentative parole consideration.

I deny violating any of Tony Broach's constitutional rights. Tony Broach never says what action I allegedly took to violate his constitutionally protected rights.

EXHIBIT 1

1

As Custodian of the Records, I certify that the following documents are true and correct copies taken from the parole file of **Tony Broach, AIS# 136351**:

**Exhibit A**  Action by the Board, dated 8-11-05
**Exhibit B**  Action by the Board, dated 9-15-99

_____
WILLIAM C. SEGREST
EXECUTIVE DIRECTOR


SWORN TO AND SUBSCRIBED before me this 22nd day of May 2006.
2006.

_____
NOTARY PUBLIC
Commission Expires: 4-6-2010

2

STATE OF ALABAMA )
MONTGOMERY COUNTY )

### AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **Eddie Cook,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **Eddie Cook.** I am currently employed as one of the Assistant Executive Directors of the Alabama Board of Pardons and Paroles. In that capacity, among other duties, I assist the Executive Director in supervising the Board's officers and administrative staff in carrying out the Board's policies. I also supervise the Field Administrative Division (Field Services); the Board's Transition Centers: and the Interstate Compact Unit.

I am not a member of the Board of Pardons and Paroles and have no decision-making authority in deciding which prisoners are granted or denied parole.

I have no decision-making authority in deciding when to reset a prisoner for further tentative parole consideration.

I deny violating any of Tony Broach's constitutional rights. Tony Broach never says what action I allegedly took to violate his constitutionally protected rights.

_____
EDDIE COOK
ASSISTANT EXECUTIVE DIRECTOR

SWORN TO AND SUBSCRIBED before me this 22 day of May, 2006.

_____
NOTARY PUBLIC
Commission Expires: 6-17-06

EXHIBIT 3

1

STATE OF ALABAMA          )
                          )
MONTGOMERY COUNTY         )

### AFFIDAVIT

**BEFORE ME,** the undersigned authority for said County and State, personally appeared **Sidney T. Williams,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **Sidney T. Williams.** I am currently employed as Chairman of the Alabama Board of Pardons and Paroles, where I preside over the Board's hearings conducted in open public meeting. In that capacity, among other duties, I am one of three regular board members who have the discretionary decision-making authority of whether or not to grant parole or deny parole during parole consideration hearings conducted in open public meetings. I also have the discretionary decision-making authority to reset a prisoner for further parole consideration in conjunction with the *Alabama Board of Pardons and Paroles Rules, Regulations, and Procedures (the "Rules")*.

I did not violate Tony Broach's due process rights. Broach does not have any due process rights when he is being considered for parole. At no time did I improperly consider Broach for parole or discriminate against him.

I am charged with the duty of personally studying prisoners so as to determine their ultimate fitness to be paroled. I did so in this case and decided to vote against granting clemency to Tony Broach, AIS# 136351.

I was **not** on the Board in 1999. I was appointed to serve on the Board by Governor Don Siegelman on October 29, 2001, and was named Chairman of the Board on that date. However, I did not take any Board action in relation to Broach until the August 11, 2005


EXHIBIT 4

hearing, where Broach was denied parole and reset for a tentative parole consideration date in August of 2007.

I deny acting arbitrary, capricious, abusive, discriminatory, or in a vindictive manner under the color of state law when considering Tony Broach. for parole in August of 2005, the date of the alleged constitutional violation. I exercised my discretionary decision-making authority in a manner consistent with Alabama law, where I decided to vote against paroling Tony Broach.

I also exercised my discretionary decision-making authority and voted to reset Broach for further tentative parole consideration in August of 2007 in accordance with the *Rules*. I deny violating the *Rules* or any state statutes.

I do not have the authority to extend or alter a prisoner's sentence. I deny violating Tony Broach's Eighth Amendment rights against Cruel and Unusual Punishment. My authority is listed in the Alabama parole statutes. Extending prison sentences is not listed in those statutes.

I deny violating *any* of Tony Broach's constitutionally protected rights. I acted within my lawful, discretionary authority when considering Broach for parole on August 11, 2005.

_____
SIDNEY T. WILLIAMS
CHAIRMAN

SWORN TO AND SUBSCRIBED before me this 23 day of _May_ 2006.

_____
NOTARY PUBLIC
Commission Expires: 02-05-08

2

STATE OF ALABAMA           )
                           )
MONTGOMERY COUNTY          )

## AFFIDAVIT

**BEFORE ME**, the undersigned authority for said County and State, personally appeared **VeLinda A.J. Weatherly,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **VeLinda A.J. Weatherly.** I am currently employed as an Associate Member of the Alabama Board of Pardons and Paroles. In that capacity, among other duties, I am one of three regular board members who have the discretionary decision-making authority of whether or not to grant parole or deny parole during parole consideration hearings conducted in open public meetings. I also have the discretionary decision-making authority to reset a prisoner for further parole consideration in conjunction with the *Alabama Board of Pardons and Paroles Rules, Regulations, and Procedures (the "Rules")*.

I deny violating any of Tony Broach's, AIS# 135,351, constitutional rights or acting arbitrary, capricious, abusive, discriminatory, or in a vindictive manner under the color of state law when I exercised my discretionary decision-making authority to decide whether or not to grant or deny parole to Broach on August 11, 2005.

I did not violate Tony Broach's due process rights. Broach does not have any due process rights when he is being considered for parole. At no time did I improperly consider Broach for parole or discriminate against him.

I am charged with the duty of personally studying prisoners so as to determine their ultimate fitness to be paroled. I did so in this case and decided to vote against granting

EXHIBIT 5

clemency to Broach on August 11, 2005. I voted to reset Broach for further tentative parole consideration in August 2007, which is clearly within the ambit of the current *Rules*. I deny violating the *Rules* or any state statutes.

In relation to Broach's claims where he was considered for parole in 1999 and reset for further consideration in 2002, I was **not** on the Board at that time. I was appointed to serve on the Board by Governor Bob Riley on January 29, 2004.

I deny violating Broach's Eighth Amendment rights against Cruel and Unusual Punishment. I have no authority to extend or to alter a prison term. My authority comes from the Alabama parole statutes. Extending sentences or prison terms is not listed in the Alabama parole statutes.

I deny violating *any* of Tony Broach's constitutionally protected rights. I acted within my lawful, discretionary authority when considering Broach for parole on August 11, 2005.

_____
VELINDA A.J. WEATHERLY
ASSOCIATE MEMBER


SWORN TO AND SUBSCRIBED before me this 22nd day of May 2006.

_____
NOTARY PUBLIC
Commission Expires: 4-6-2010

2

STATE OF ALABAMA        )
                        )
MONTGOMERY COUNTY       )

## AFFIDAVIT

**BEFORE ME**, the undersigned authority for said County and State, personally appeared **Robert Longshore,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **Robert Longshore.** I am currently employed as an Associate Member of the Alabama Board of Pardons and Paroles. In that capacity, among other duties, I am one of three regular board members who have the discretionary decision-making authority of whether or not to grant parole or deny parole during parole consideration hearings conducted in open public meetings. I also have the discretionary decision-making authority to reset a prisoner for further parole consideration in conjunction with the *Alabama Board of Pardons and Paroles Rules, Regulations, and Procedures (the "Rules")*.

I deny violating any of Tony Broach's, AIS# 135,351, constitutional rights or acting arbitrary, capricious, abusive, discriminatory, or in a vindictive manner under the color of state law when I exercised my discretionary decision-making authority to decide whether or not to grant or deny parole to Broach on August 11, 2005.

I am charged with the duty of personally studying prisoners so as to determine their ultimate fitness to be paroled. I did so in this case and decided to vote against granting clemency to Broach on August 11, 2005. I voted to reset Broach for further tentative parole consideration in August 2007, a two-year set off, which is clearly within the ambit of the current *Rules*. I deny violating the *Rules* or any state statutes.

EXHIBIT 6

I did not violate Tony Broach's due process rights. Broach does not have any due process rights when he is being considered for parole. At no time did I improperly consider Broach for parole or discriminate against him.

In relation to Broach's claims involving where he was considered for parole in 1999 and reset for further consideration in 2002, I was **not** on the Board at that time. I was appointed to serve on the Board by Governor Bob Riley on July 1, 2005. I was not even employed with the State of Alabama in 1999 or 2002..

I deny violating Broach's Eighth Amendment rights against Cruel and Unusual Punishment. I have no authority to extend or to alter a prison term. My authority comes from the Alabama parole statutes. Extending sentences or prison terms is not listed in the Alabama parole statutes.

I deny violating **any** of Tony Broach's constitutionally protected rights. I acted within my lawful, discretionary authority when considering Broach for parole on August 11, 2005.

_____
ROBERT LONGSHORE
ASSOCIATE MEMBER


SWORN TO AND SUBSCRIBED before me this 22 day of
May 2006.

_____
NOTARY PUBLIC
Commission Expires: 6-7-06

2