In the District Court of the United States
For the Middle District of Alabama
Northern Division

RECEIVED
2006 JUN 22 A 9:59

Tony C. Broach
Plaintiff,

v.

Bob Riley, et al.,
Defendants

Civil Action No. 2:06-CV-228 [WHA]

## Plaintiff's Written Objections to Defendant's Special Report / Summary Judgment

Come now Plaintiff, Tony C. Broach an file this written objection to Defendants Special Report / Summary Judgment there by submitting the following:

### Plaintiff's Allegations

1). The Plaintiff, Tony C. Broach AIS #136351, is an inmate in the Fountain Correctional Facility located in Atmore, Alabama. Plaintiff alleges that Defendants have violated clearly defined, undisputed constitutional rights in "Failure" to comply with the Guide-lines set for eligibility date on Plaintiff's parole hearing. Plaintiff challenge the constitutionality of Code of Alabama 1975, Section 15-22-26 (on it's face as applied to the standards for release of prisoners on parole).

(1)

2). The Plaintiff seeks Declaratory Relief and Primarily Injunction, Defendants afforded all cost of Proceeding and any furter relief the Court deem.

3). Plaintiff have Reviewed Defendants Special Report/Summary Judgment to Determine Facts and Circumstances Relevant Thereto, Plaintiff will Refute Defendants Allegations with Affidavits and Exhibits.

### DEFENDANTS

4). Defendant Bob Riley, Governor of the State of Alabama has the duty of appointing members of the Alabama Board of Pardons and Parole and to **ensure** that his appointments are in complies with Code of Alabama 1975, Section 15-22-20.

5). Defendants William C. Segrest, Cynthia Dillard, and Eddie Cook are Executive Member of the Alabama Board of Pardons and Paroles whom function are to **ensure** that Board's Rules, Rugulations and Policies are Fulfill by Staff. (Exhibit-1,2,3)

6). Defendants Sidney William, Velinda Weatherly and Robert Longshore are the Members of Alabama Board of Pardons and Parole whom has **Refused** to comply with the Rules, Regulations or Policies which Governs Eligibility Dates for Parole Hearings.

7). The Defendants deny each and every material allegation contained in the complaint.

8). Defendants plead the Defense of Qualified Immunity.

### QUALIFIED IMMUNITY

9). Courts have Repeatedly Stressed the Importance of

(2)

resolving immunity questions at the earliest possible stage in litigation. When a defendant moves for summary judgment on the ground that he enjoys qualified immunity from a claim under 42 U.S.C. Section 1983, a court MUST first ask the legal question whether plaintiff have sufficiently alleged a violation, the court- trial or appellate- MUST review the entire summary judgment record to determine whether there exist a triable issue of facts as to whether the defendants committed the alleged act and if so, whether their conduct DID VIOLATE a clearly established substantive right of which a reasonable official would have been aware. TURNER V DAMMON, 848 F.2d 440 AT 443-44.

10). Theory of "RESPONDENT SUPERIOR", Principals is liable for tort of his agent if agent commits tort while acting within scope of employment. PRINCIPAL AND AGENT 159(1)

## ARGUMENT

[1] There are numerous common questions of law or facts affecting the rights of plaintiff, including inter alia:

    A). Whether the Alabama Parole Act creates a constitutionally protected liberty interest in the procedures by which parole may be deferred, denied or granted;

    B). Whether the failure to hold parole hearings within the deadline mandated by Alabama

(3)

Parole Act 640-X-2.08 violates the Due Process Rights of Plaintiff;

C). Whether Plaintiff is entitled to a Declaratory Judgment that the failure to follow the statutorily mandated procedures set forth in Alabama Parole Act.

Plaintiff began serving a life sentence in December of 1988, Alabama Board of Pardons and Paroles (herein after The Board) Denied Plaintiff's Parole in September of 1997, further consideration was set for September of 1999 the Board rejected second parole and reset parole for September 2002. (Exhibit-A). However, Plaintiff <u>did not</u> receive another parole hearing until August of 2005, (Exhibit-B) six (6) years later.

The Alabama Parole Act 640-X-2 et seq. creates a protected liberty interest sufficient to entitle inmates to federal and state due process and constitutional protection with respect to parole determinations. Alabama Parole Act 640-X-2.03 and 640-X-2.08, creates a protected expectation that each inmate will receive two (2) things within a specified <u>time period</u> in the determination of parole:

    A) Pre-parole inmate interview;
    B) An actual hearing before a parole board panel.

Specifically, Alabama Parole Act 640-X-2.08 reads:
A parole calendar date may be changed by order of the Board. No calendar date will be scheduled prior

(4)

to service of one-third of the term or ten years for total terms of ten years or more except by unanimous action of the Board. "When an inmate is denied parole, the Board will determine when his case is to be reset but in no event "SHALL" it be reset for more than three (3) years from the date of denial. (EXHIBIT-C)

ALA. 1978- Distinction between a mandatory provision and one which is only directory is that when the provision of a statute is the essence of the thing to be done, it is "MANDATORY"; when provision relates to form and manner. <u>Mobile County Republican Executive Committee</u> v <u>Mandeville</u>, <u>363 So. 2d 754</u>. The word "SHALL" is clear and unambiguous and is imperative and mandatory. The term "SHALL" is a word of command, and one which has always or which must be given a compulsory meaning as denoting obligation 910 So. 2d 825. The word in ordinary usage means must and is inconsistent with a concept of discretion.

This section of 640-X-2.08, vests the defendants with "NO DISCRETION" whatsoever as to the meeting of the deadline which was established. Regardless of the reason for the delay the continued detention of plaintiff and other inmates who have reached their parole eligibility date <u>without</u> a parole hearing is absolutely precluded by the clear language of the Board's Administrative Code (Supp. 9/30/91).

<u>Constitutional Law - 251.6</u>
When protected interest are implicated, right to some kind

(5)

of prior hearing is paramount under Due Process Protection. [A] Weighing Process has long been a part of any determination of the form of hearing required in particular situations by procedural Due Process. Roth, 408 U.S. at 569-70, 92 S.Ct at 2704-05. Plaintiff is constitutionally entitled to hearing within the allocated time fram of 640-x-2.08, Wolff v McDonnell, 418 US 539, 94 S.Ct 2963, 41 L.Ed2d 935. Statutory duties placed on the Board are mandatory action rather than discretionary. See Thomas v Sellers, 691 F.2d 487. The unique structure and language of Administrative Code 640-x-2.08, provided an expectation of an actual hearing before a Parole Board Panel sufficient to create a liberty interest entitled to some measure of constitutional protection.

[2] Procedural Due Process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I Section 6 of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of Fair Play, which include a fair and open hearing before a legally constituted Court or other authority. Constitutional Law 251.5. The Appointment of Chairman Sidney Williams and Velinda A.J. Weatherly has violated Plaintiff's Procedural Due Process of Fair Play. It's very clear under Article 2, Code of Alabama 1975, Section 15-22-20, states (A): There shall be a Board of Pardons and Paroles which shall consist of three members, "but no two (2) members of such Board shall be residents of the same Congressional District. These two (2) members are out of Congressional District Seven (7). It is generally understood that an opportunity for a hearing before

(6)

A competent and impartial tribunal upon proper notice is one of the essential elements of Due Process. 16A Am. Jur. 2d Constitutional Law 839. Although it is generally held in Alabama that a party is under a duty to follow the statutes of the Code of Alabama 1975. To establish deprivation of Procedural Due Process Plaintiff must establish that he holds a constitutionally protected interest in life or liberty and that there has been a governmental deprivation of that interest, and that procedures accompanying deprivation were constitutionally inadequate. The appointment of the above named Board members are in violation of Code of Alabama 1975 Section 15-22-20 (A). Plaintiff demonstrated that Defendant Bob Riley deprived him of a constitutionally protected right though inadequate or failure to follow the requirements of the Code of Alabama. This claim is supported by a state statute. Constitutional Law 252.5, Toddby v DCH Healthcare Authority, 921 F.2d. 1438. (Exhibit 4, 5

[3] The Plaintiff will briefly discuss the revised Chapter 640-X-2 (Defendants Exhibit D), Current Rule, Regulations, and Operating Procedures. Board members and Executive Directors have <u>failed</u> or <u>refused</u> to comply with the Board rules, regulation, and procedures that govern parole hearing in Plaintiff's case.

    Article 6 Section 11 reads:

    If parole has been denied, the Board shall determine whether and when the case shall next be docketed for consideration, "<u>not to exceed five (5) years</u>." The case will be considered again as near as practicable to the specified month and year.

(7)

Reiterating the process of Plaintiff's Board Panel hearing will provide this Honorable Court with another violation of the Board Rules, Regulations, and Procedures by the members. Plaintiff was provided a Board Panel hearing for parole on September of 1997 (Denied), Parole was again denied in September of 1999, further consideration was set for September 2002 (see Exhibit A+B). It clearly stated in Article 6 Section 11, "<u>not to exceed five (5)</u>". Plaintiff actual Board Panel hearing for parole was held in August of 2005, exactly six(6) years and eleven(11) months. This violation is beyond the guide-line for Board Panel hearings. The Ex Post Facto issue have, without exception, followed Greenfield, holding that the Ex Post Facto clause is <u>violated</u> when a defendant's eligibility for release is adversely affected under a statute that was not in effect at the time of the defendant's underlying crime but was adopted before the defendant committed the act for which his parole was revoked. The Ex Post Facto clause is violated when the defendants applied the current rule, regulations and operating procedures of the revised May 14, 2002, Chapter 640-x-2. <u>Fender v Thompson</u>, 883 F.2d 303, <u>U.S. v Paskow</u>, 11 F.3d 873. The Defendants <u>failed</u> to provide plaintiff with an actual parole hearing before a Board Panel within the specific time frame. Regardless of whether plaintiff would have been actually released on parole is not the issue, the plaintiff should have received a hearing within the manatory provision of <u>640-x-2.08</u> or <u>640-x-2</u> (Article 6 Section 11). Plaintiff claim that the new guide-line adopted in 2002, violated Ex Post clause of the Constitution, and plaintiff

(8)

have suffered "horrendous harm" in the failure of the defendants to comply with there rules, regulations, and policies.

[4] The right to due process is guaranteed to the citizens of Alabama under the Alabama Constitution of 1901, Article 1, Section 6 and 13. This constitutional right to due process applies in civil action as well as criminal proceeding, the court have found that this right is violated when a statute or regulation is unduly vague, unreasonable or overbroad..... Pike v Southern Bell Telephone and Telegraph Co. 263 Ala 59, 81 So. 2d 254. However, the overbreath doctrine under the Alabama Constitution has been applied in due process cases not involving First Amendment freedoms. Ross Neely Express Inc. v Alabama Department of Environmental Management, 437 So. 2d 82. "Statutes and regulation are void for overbreadth if their object is achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms.

[5] The defendants submits that the Code of Alabama 1975, Section 15-22-26, Standards of Release of Prisoners on Parole, is not unconstitutionally vague. The plaintiff object by stating that the Code of Alabama, Section 15-22-26, is impermissively and unconstitutionally vague. Plaintiff challenges the standards and methods by which the Alabama Board of Pardons and Parole grants and denies parole on the ground that they are so arbitrary as to violate the requirement of due process. The Standards of Release of Prisoner's on Parole is unconstitutional on its face because it is incapable of being applied rationally, fairly, consistently and non-arbitrarily, and such fails

(9)

to make parole release decisions which are rational, fair, consistent and non-arbitrary from case to case. Code of Alabama 1975 section 15-22-26 which set forth the grounds for granting parole release read in part:

> No prisoner shall be granted parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the Board is of the "opinion" that there is reasonable probability that if such prisoner is release he will live and remain at <u>liberty without violating the law</u> and that his release is not incompatible with the welfare of society.

Plaintiff attacks the facial validity of the statute on the ground that the <u>language</u> authorizing such release on parole. The discretion granted to the Board by Code of Alabama 1975, section 15-22-26 does not however make the statute vague, rather the wording of the statute is vague and inconclusive as to vest unbridled discretion in the Board, also because it requires the Board to make <u>predictions</u> regarding an inmate's future conduct upon release that are claimed to lie <u>beyond the grasp of human knowledge and expertise</u>. The liberty interest in parole that is protected by Due Process Clause of the Fourteenth Amendment to the United States Constitution is that no rule or standard can derive from the statute. <u>Zwickler v Kocta</u>, 389 U.S. 241, <u>88 S.CT 391</u>, <u>19 L.ED 2d 444</u>. The standard of release of prisoners on parole is so nebulous that it grants uncontrolled power to the Board which causes decision making on an ad hoc and subjective basis

(10)

with the attendant danger of arbitrary and discriminatory application. Grayned v City of Rockford, 408 U.S. 104, at 109, 92 S.Ct 2294, 33 L.Ed 2d 222, 228. When this assertion is revealed, the statute violate the process due. Papachriston v City of Jacksonville, 405 U.S. 110 at 115-16, 29 L.Ed 2d 214. It is a basic tenet of Due Process that a statute set forth a comprehensible, even if imprecise standard of conduct, language which is so vague that it provide "no" standard at all offends the notions of fairness embodied in the Due Process. Coates v Cincinnate, supra 402 U.S. 614, 91 S.Ct. 1688, 29 L.Ed 2d 217-18.

[A.] The standard set forth in the Code of Alabama 1975, Section 15-22-26, is two-fold: first the Board must be of the "Opinion" that there is reasonable probability that such prisoner is release he will live and remain at liberty without violating the law, second the Board must also determines that an inmate release is not incompatible with the welfare of society. The phrases used in the statute because of their familiarity it may appear to provide a workable standard. Nevertheless, a more through examination reveals that the edges of the concepts are at least blurred. In particular four (4) phrases in Section 15-22-26, are susceptible of distinct, and inconsistent plus misinterpretated, release is warranted only when the Board holds an "Opinion" neither the statute nor the regulation implementing the statute explains whether Opinion as used means a belief based on faith, a judgment based on finding of facts or an educated guess based on experience and intuitive responses. The statute also fails to specify how strongly the Board

(11)

must hold its opinion. Although, the fabled reasonable person may have little difficulty in understanding the general meaning of the phrase, "without violating the law" as used in day by day affairs, but as a statutory standard it is problematic. The statute requires the Board to <u>predict</u> whether a parolee if release will live without violating the law. Violations of the law may range from serious felonies to misdemeanors or even jay-walking, illegal parking or speeding ticket. Moreover one can not judge from reading the statute whether the phrase also includes disregard restraints placed on a parolee by the Board or violation of non-criminal statutes, such as defaulting on a note or breaking a lease. The second class includes those statutes and rules which without explanation of the application of their standards, would be impermissively vague. In such instances the Court must extrapolate the statute allowable meaning from those charged with enforcing it. <u>Grayer, 33 L.Ed 2d 228</u>. This is particularly true where, as here the Supreme Court of Alabama have left the lower courts within the state to exercise unfettered discretion in the application of this rule sub-section. <u>Garner v Louisiana, 368 US 157 at 174, 82 S.Ct 248 at 257, 7 L.Ed.2d 207 at 219-20</u>. On the other hand, the Supreme Court has stated: There are areas of human conduct where by the nature of the problems presented legislature simply can not establish standards with precision. <u>Smith v Goguen, 415 US 566 at 581, 94 S.Ct 1242 at 1251, 39 L.Ed 2d 605</u>. Defect in unconstitutionally vague statute can not be remedied by stating reason for action taken pursuant to defective

(12)

LAW; PERSONS SUBJECT TO THE POWER OF THE STATE ARE ENTITLED TO PROTECTION FROM IMPROPER IMPACT OF VAGUE STATUTES EVEN IF THE BODY ADMINISTERING IT GIVES GOOD REASON FOR IT ACTIONS. CICERO V OLGIATI 410 F. SUPP. 1080.

[B] THE DEFENDANTS FUTHER SUBMITS THAT ALABAMA PAROLE STATUTE ARE TYPICAL PAROLE STATUTES WHICH VEST TOTAL DISCRETION IN THE BOARD CALLING FOR DISCRETIONARY RATHER THAN MANDATORY ACTION ON PART OF THE BOARD, THE DEFENDANTS ADD THAT THE LAW DIRECTS THE BOARD TO CONSIDER A NUMBER OF FACTORS IN MAKING THEIR DETERMINATION WHICH IS SUBJECTIVE RATHER THAN OBJECTIVE DETERMINATION. PLAINTIFF STATES THAT IF A PAROLE STATUTE GRANTS UNCONTROLLABLE POWER (VESTED TOTAL DISCRETION) TO THE BOARD AND NECESSARILY CAUSES DECISIONS TO BE MADE ON "AN HOC" AND SUBJECTIVE BASIS WITH ATTENDANT DANGERS OF ARBITRARY AND DISCRIMINATORY APPLICATION, THEN SUCH STATUTE VIOLATE DUE PROCESS GUARANTED BY THE FOURTEENTH (14TH) AMENDMENTS OF THE UNITED STATES CONSTITUTION. PLAINTIFF AVER THAT SUCH STATUTE HAVE NOT BEEN PRESENTED ON THE SPECIFI GROUNDS OF BEING IMPERMISSIVELY OR UNCONSTITUTIONALLY VAGUE, OVERBROAD AND UNCLEAR. PLAINTIFF REQUEST THIS HONORABLE COURT TO REVIEW THE CONSTITUTIONALITY OF THE METHOD USED FOR THE BASIS OF MAKING SUCH DETERMINATION. CICERO V OLGIATI, 430 F. SUPP 1080, THE PLAINTIFF DOES HAVE PROTECTABLE AND TANGIBLE INTEREST IN BEING PROPERLY CONSIDERED FOR PAROLE

RESPECTFULLY SUBMITTED,

*Tony Broach*

TONY BROACH, PRO SE

(13)   #136351

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON JUNE 19, 2006, THAT I HAVE MAILED A COPY OF THE SAME BY UNITED STATE POSTAL SERIVE TO THE FOLLOWING:

DANA L. PITTMAN
ASSISTANT ATTORNEY GENERAL
P.O. BOX 302405
MONTGOMERY, ALABAMA 36130

DONE THIS 19TH DAY OF JUNE 2006.

RESPECTFULLY SUBMITTED,
Tony Broach
TONY BROACH
#136351   8-39
FOUNTAIN CORR. FAC. 3800
ATMORE, AL. 36503