IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**TONY C. BROACH, #136351,**
        **Plaintiff,**

v.                                    CASE NO. 2:06-CV--228-WHA

**BOB RILEY, et al.,**
        **Defendants.**

### BRIEF IN OPPOSITION

**COME NOW**, Defendants William C. Segrest, Cynthia Dillard, Eddie Cook, Sidney Williams, VeLinda Weatherly, and Robert Longshore, represented by the undersigned counsel, and shows the Court as follows:

Broach makes a claim that he did not receive a parole hearing for four years and eleven months after he was ***reset***[1] for a September 2002 parole eligibility date when he was denied parole on September 15, 1999. Broach further claims that he has a liberty interest in

---

[1] Broach admits that he received a three year set date after having been denied parole on September 15, 1999. See page 5 of his Complaint.

1

having a hearing within three years of his being denied parole on September 15, 1999.

The law is well settled that Alabama parole statutes do no create a liberty interest in parole. *See Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937 (11th Cir. 1987) and *Thomas v. Sellers*, 591 F.2d 487 (11th Cir. 1983).

The Court in, *Tedder v. Alabama Bd. of Pardons * Paroles, 677 So. 2d 1261, 1263 (Ala. Crim. App), cert. denied, 518 U.S. 1008, 116 S.Ct. 2531, 135 L.Ed.2d 1054 (1996)* states, "[A]s previously stated, because there is no liberty interest at issue when an individual is denied parole no due process rights attach to the proceeding. Andrus." Broach does not enjoy a liberty interest in parole. The procedures followed in making the parole determination are not required to comport with standards of fundamental fairness. *See Slocum v. Georgia State Board of Pardons and Paroles, 678 F.2d 940, 942 (11th Cir.1982)*. In order to have a due process claim, there has to be a legally protected interest or right. Broach has no legally protected interest or right to parole.

2

As previously argued in the Defendants' Special Report filed May 23, 2006, Broach was considered for parole on September 15, 1999, where he was denied and reset for further tentative parole consideration in September of 2002, *a three-year set-off,* which was in compliance with the *Rules, Regulations, and Procedures of the Board of Pardons and Paroles (Revised 2/10/86)* in effect in 1999.

It is important for this Court to understand that a **reset date** is a <u>tentative</u> month and year that the prisoner **may** become eligible to have an actual parole consideration hearing, provided the all of the statutory requirements are met that allow the Board to have jurisdiction to grant parole.

A prisoner has no right or entitlement to have a hearing during his tentative **reset** date (month and year of eligibility for parole consideration). Even *if* the Board's policies in effect in 1999 or 2005 created an entitlement or right to have a parole hearing in the month and year that he became eligible for further parole consideration, state law would override the policies in the event said policies conflict or

circumvent state law. See Ala. Code §15-22-37, which states:

> The Board of Pardons and Paroles may adopt and promulgate rules and regulations, **not inconsistent with the provisions of this article**, touching upon all matters dealt with in this article, including, among others, practice and procedure in matters pertaining to paroles, pardons and remission of fines and forfeitures; provided, however, that no rule or regulation adopted and promulgated by such board shall have the effect of denying to any person whose application for parole or the revocation of whose parole is being considered by said board from having the benefit of counsel or witnesses upon said hearing.

There are state law requirements that shall be met *prior* to considering a prisoner for parole. Any policy adopted by the Board that is contrary to state law is void. The policies in effect in 1999 and 2005 do not contradict state law.

There are statutory limitations and mandates placed upon the Board that must be met prior to a grant of parole. (Emphasis Added). For the Board to have the power or authority to grant parole, *Ala. Code §15-22-23 and §15-22-36* require that notices be sent to public officials and victims.

4

Ala. Code §15-22-23(b) states:

The Board of Pardons and Paroles *shall have no power or authority to tentatively approve, grant, or order any pardon, parole or remission of fine or other forfeiture unless and until all of the following conditions are met*:

(1) The action is taken in an open public meeting of the board held after notice of the meeting has been given to each member of the board in such manner as the board directs; and
(2) Due notice of the time, date, and place of the meeting and the action to be considered has been given in writing sent by U. S. mail, electronic transmission, or by other commonly accepted method of delivery at least seven days prior to the meeting to each of the following:
a. The incumbent Attorney General.
b. The district attorney who prosecuted and the judge who presided over the case.
c. The chief of police of the municipality wherein the crime occurred, if the crime was committed in a municipality with a police department.
d. The sheriff of the county in which the crime was committed.
(3) If the district attorney who prosecuted the case or the judge who presided over the case be not living or serving, notice under subdivision (2)a. and b. shall be given to their successors in office.
(4) All persons who are required to be notified under the provisions of this section have been allowed, at their option, to either appear before the board or give their views in writing.

(c) "Due notice" as used in subdivision (b)(2) of this section shall be defined to include all of the following:

(1) The name of the prisoner or defendant involved.

(2) The crime for which the prisoner or defendant was convicted.
(3) The date of the sentence.
(4) The court in which the conviction occurred.
(5) The sentence imposed and the actual time in confinement without regard to the operation of any incentive or other good time law, as calculated by the Department of Corrections.
(6) The action to be considered by the board.
(7) The date, time, and location of the board meeting at which the action is to be considered.
(8) The right of any interested person to present his views to the board as specified in subdivision (b)(3) of this section.

***(d) All of the requirements set out in subsections (b) and (c) of this section are express conditions to any board action approving, granting, or ordering any pardon, parole, remission of fine or other forfeiture, or restoration of civil and political rights.***

Ala. code §15-22-36(d), states:

***The Board of Pardons and Paroles shall have no power to grant a pardon, order a parole, remit a fine or forfeiture, or restore civil and political rights until 30 days' notice*** that the prisoner is being considered therefor has been given by the board to the ***Attorney General***, the ***judge*** and the district attorney who tried the subject's case, the ***chief of police*** in the municipality in which the crime occurred, if the crime was committed in an incorporated area with a police department, and to the ***sheriff*** of the county where convicted, and to the same officials of the county where the crime occurred if different from the county of conviction; provided, however, that if they are dead or not serving, the notice shall be given to the district attorney, incumbent sheriff and one of the judges of the circuit in which the subject was convicted.

6

*Ala. Code §15-22-36(e)(1)* states:

> *Until and unless at least 30 days' written notice of the board's action to be considered has been given by the board to the victim named in the indictment, or if the victim is deceased as a result of the offense, the victim's immediate family, the Board of Pardons and Paroles shall have no power or authority to in any way approve or order any parole, pardon, remission of fine or forfeiture, restoration of civil and political rights, furlough, leave or early release of a person convicted of the following offenses:*
> a. A Class A felony.
> b. Any felony committed prior to the first day of January, 1980, which if committed after the first day of January, 1980, would be designated a Class A felony.
> c. Any felony involving violence, death or any physical injury to the person of another.
> d. Any felony involving unlawful sexual assault or other unlawful sexual conduct on the person of another.
> e. Any felony involving sexual assault, or a lewd or lascivious act upon a child under the age of 16 years or attempt thereof.
> f. Sexual abuse or any other criminal conduct committed prior to the first day of January, 1980, which if committed after the first day of January, 1980, would be defined as sexual abuse under the Alabama Criminal Code.
> g. Child abuse or any criminal conduct committed prior to the first day of January, 1980, which if committed after the first day of January, 1980, would be defined as child abuse under the Alabama Criminal Code.
> h. Sodomy or any criminal conduct committed prior to the 1st day of January, 1980, which if committed after the 1st day of January, 1980, would be defined as sodomy under the Alabama Criminal Code.
> i. Any violation of Section 13A-6-69, as amended.

> *(2) The notice shall be given by U.S. mail, certified mail, return receipt requested, and shall include:*
> *a. The name of the prisoner or defendant involved.*
> *b. The crime for which the prisoner or defendant was convicted.*
> *c. The date of the sentence.*
> *d. The court in which the conviction occurred.*
> *e. The sentence imposed.*
> *f. The actual time the prisoner has been held in confinement, as computed by the Department of Corrections, without regard to the operation of any incentive good time, or other good time laws.*
> *g. The action to be considered by the board.*
> *h. The date, time, and location of the board meeting at which the action is to be considered.*
> *i. A statement that all persons required to be notified under the provisions of this section will be allowed, at their option, to either appear before the board or give their views in writing.*

Until these mandates and limitations are met, the Board does not have jurisdiction to grant parole. *Ala. Code §15-22-38* states: "[T]he duties imposed upon the members of the Board of Pardons and Paroles by this article are **mandatory**, and the **limitations and restrictions on the powers of the board or the members thereof shall be strictly construed**."

On May 11, 2001, the Alabama Court of Civil Appeals, in *Alabama Bd. of Pardons and Paroles v. Brooks, 802 So.2d 242 (Ala. Civ. App. 2001)*, held that the Board's long-standing policy, created in 1983, of so called "screening hearings" did not comply with the

requirements of *Ala. Code §15-22-36 or §15-23-79(b)*.

*Ala. Code §15-23-79(b)* states: "[T]he victim shall have the right to be notified by the Board of Pardons and Paroles and allowed to be present and heard at a hearing when parole or pardon is considered pursuant to Section 15-22-36 et seq."

The *Brooks* case, which explains the "screening hearings" process, states:

> Under the practice followed by the Board from 1983 until July 17, 2000, when a prisoner became eligible to be considered for parole, a Board staff member reviewed the prisoner's file to determine whether any possibility existed that the prisoner might be granted parole. If the Board's staff member determined that a possibility existed that the prisoner might be granted parole, the staff member would recommend that the Board schedule a parole hearing for the prisoner. If, however, the Board's staff member reviewed the prisoner's file and concluded that there was no possibility that the prisoner would be granted parole, the staff member would then schedule a "screening hearing" for the prisoner.
> Screening hearings are not provided for by statute or by the regulations governing the Board. It is undisputed that a crime victim is not notified if the Board conducts a screening hearing regarding the prisoner convicted of perpetrating the crime against him or her. Gladys Riddle, the Board's chairman, testified that the purpose of a screening hearing was to determine whether there was any possibility that the Board would consider granting parole to a prisoner. Riddle testified that if at a screening hearing, the Board agreed with the recommendation of its staff member and determined that there was no possibility of a

9

> prisoner being paroled, then the Board denied parole without conducting a formal parole hearing. Riddle testified that if the Board determined at a screening hearing that a grant of parole to a prisoner might be a possibility, it would then schedule a formal hearing and notify the prisoner's victim of that hearing, pursuant to the requirements of § 15-23-79(b), Ala.Code 1975. Nancy Conn McCreary, a former victims' rights advocate and a current member of the Board, testified that victims and district attorneys had been in favor of the Board's use of screening hearings. Riddle testified that the screening hearings were beneficial to victims because, if at the screening hearing the Board agreed with the recommendation of its staff member and determined that no basis existed for granting parole, the victim of the prisoner's crime did not have to needlessly appear at a parole hearing, worry about the case, or "relive" the crime again.
> After consulting with an attorney in the Attorney General's Office, the Board decided, on July 17, 2000, to eliminate the use of screening hearings.

As a result of the *Brooks* case, the Board's staff is required to locate victims and send the statutorily required notices ***prior*** to the Board ***considering*** a prisoner for parole. This resulted in a heavy back-log of cases that date back to 2001. Broach, in his complaint, at page 6, admits that he was told that his case was part of that back-log in September of 2002. The Board admits that Broach's case was part of the back-log that occurred as a result of the ruling in the *Brooks* case, *supra*. **See Affidavit of Sonya Simmons.**

If the Board **knowingly** and **willfully** has a Parole hearing without sending the required notices set forth in *Ala. Code §§15-22-23 and 15-22-36,* the Board could be subject to the criminal sanctions listed in *Ala. Code § 15-22-39, which states:*

> Any member of the Board of Pardons and Paroles who knowingly or willfully neglects or fails to perform any duty enjoined upon him by the provisions of this article is guilty of a **felony** and, upon his conviction, shall be punished by imprisonment in the penitentiary **for not less than one nor more than five years**, and any offense as defined by Section 36-10-14 by a member of the board shall also be a felony and be punishable as provided in this section.

The Board followed the letter of the law when scheduling Broach's parole hearing.  Broach's delayed parole hearing is the result of circumstances beyond the Board's control, namely a back-log, which was the result of the *Brooks* case, supra.  Defendants in no way acted arbitrary or capricious when scheduling Broach for a parole hearing.  Broach was not treated any differently than prisoners with a similar set date during the time when the Board's dockets were two and a half to three years behind.

Broach fails to show where any of the parole

11

Defendants in this case violated his federally protected constitutional rights.  Absent a violation of a federally protected constitutional right, a §1983 claim fails.

**WHEREFORE THE PREMISES CONSIDERED,** this action is due to be dismissed for failure to state a claim for which relief can be granted.

        Respectfully submitted,

        TROY KING
        ATTORNEY GENERAL
        KIN 047


        GREGORY O. GRIFFIN, SR.
        CHIEF COUNSEL
        GRI026


        s/DANA L. PITTMAN
        ASSISTANT ATTORNEY GENERAL
        STATE BAR#:  ASB-7192-A57P
        ALA. BD. OF PARDONS & PAROLES
        P.O. BOX 302405
        MONTGOMERY, AL  36130
        TELEPHONE: (334)242-8700
        FAX: (334)353-4423
        Dana.Pittman@paroles.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 7-20-06, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> **TONY BROACH**
> **AIS# 136351**
> **FOUNTAIN CF**
> **3800 FOUNTAIN**
> **ATMORE, AL  36503**

Done this 20th day of July, 2006.

>       Respectfully submitted,
>
>
>       s/DANA L. PITTMAN
>       ASSISTANT ATTORNEY GENERAL
>       State Bar#: ASB-7192-A57P
>       Ala. Bd. Pardons and Paroles
>       P.O. Box 302405
>       Montgomery, Alabama 36130
>       Telephone: (334) 242-8700
>       Fax: (334) 353-4423
>       Dana.Pittman@paroles.alabama.gov