IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CURTIS BROACH, #136351, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:06cv228-WHA |
| | ) | (WO) |
| BOB RILEY, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Tony Broach, a state inmate, in which he challenges a delay in his parole consideration and decisions to deny him parole. A Recommendation was entered by the Magistrate Judge that summary judgment be granted in favor of the Defendants on each of Broach's claims for relief. The Plaintiff has filed an objection to the Recommendation.

Initially, with respect to the Magistrate Judge's finding that claims arising from actions which occurred on or before March 5, 2004 were barred by the applicable two-year period of limitation, Broach argues that the court failed to toll the limitation period under the provisions of *Ala. Code* §6-2-8(b), which allows for tolling of the limitation period when the plaintiff is either under 19 years of age or insane. Broach is neither insane nor under 19 but argues tolling is required because he was imprisoned at the time the actions accrued and family members contacted the parole board seeking information and were told by the parole board there was a backlog of cases. These conditions clearly do not warrant tolling under the provisions of *Ala. Code* § 6-2-8. On May 17, 1996, the Alabama legislature rescinded that portion of the tolling

provision which previously applied to convicted prisoners. *See Ala. Code* § 6-2-8(a) (1975, as amended). Thus, as noted in the Recommendation, the tolling provision of *Ala. Code* § 6-2-8(a) is therefore unavailing. Since Broach fails to meet either disability referenced in *Ala. Code* § 6-2-8(a), his claim of entitlement to tolling under *Ala. Code* § 6-2-8(b) is patently frivolous, as this provision merely allows tolling of the limitation period *only* "when both disabilities [listed in *Ala. Code* § 6-2-8(a)] exist ...."

Broach further argues that the limitation period for the instant action should be 6 years because it is "founded on promises in writing not under seal...." *Objection* at 3. Again, this assertion is without merit. First, there has been no promise made to the plaintiff relative to his consideration for release on parole. Additionally, "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Broach challenges the finding that his claims against Governor Riley are based on the impermissible theory of respondeat superior. Broach continues to argue that Riley's appointment of parole board members renders him responsible for all actions taken by such members. This assertion is simply incorrect.

Broach also attacks the determination that he was not denied due process in the parole consideration process. He reiterates his argument that the applicable administrative rules "created a liberty interest in a specific parole consideration (hearing) date upon the denial of parole in September of 1999, and that such hearing date 'shall' not exceed three (3) years from the denial of parole." *Objection* at 6. The due process claim is thoroughly and appropriately addressed in the Recommendation. *Recommendation* at 10-15.

Broach next presents a list of inmates he alleges have been granted parole despite having convictions similar to or worse than the conviction for which he is incarcerated, to show that "'[a]rbitrary and discriminatory application could or have been attached....'" *Exhibit D to Objection - Court Doc. No. 38-5* at 1-2. Apparently, this information, not previously submitted to the court, is intended to support plaintiff's equal protection claim and also show that the parole board acted arbitrarily in denying him parole. Since this information was not previously provided, it is not appropriate as a basis for plaintiff's objection. Nevertheless, this information fails to establish a violation of Broach's equal protection rights and likewise fails to show arbitrary or capricious action by the parole board. Assuming plaintiff is similarly situated with these other violent offenders who received the purported differential favorable treatment of release on parole, such information fails to show that the differential treatment was based on some constitutionally protected interest as is required to succeed on an equal protection claim. "Evidence which merely indicates disparity of treatment is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279 (1987)." *Recommendation* at 17-18. "Furthermore, it is clear from the undisputed evidentiary materials that the defendants delayed Broach's parole consideration date solely in an effort to comply with mandatory directives of state law and

refused to grant Broach parole based on their determination, after reviewing his record, that he did not warrant release into society.  *Parole Defendants' Exhibits 4-6 - Court Doc. No. 14-5 at 4-9* (review of Broach's file failed to establish fitness for release on parole)."  *Recommendation* at 18.

Finally, Broach argues the court should have deemed the statute governing discretionary parole review unconstitutional.  Contrary to plaintiff's argument, the statute is neither facially invalid nor vague.  *See Recommendation* at  19-21.

Therefore, after an independent evaluation and *de novo* review, the Plaintiff's objection is overruled, the Recommendation of the Magistrate Judge is adopted, and it is hereby ORDERED as follows:

1.  Defendants' Motions of Summary Judgment are GRANTED, and this case is DISMISSED with prejudice.

2.  Costs are taxed against the Plaintiff.

3.  Final Judgment will be entered in accordance with this order.

DONE this 20th day of January, 2009.

 /s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE